## VIRGINIA HOWLAND v. THE STATE.[*]

### (*Nashville.* December Term, 1924.)

1. **INFANTS.** Preliminary examination before juvenile court not required to give criminal court jurisdiction of murder charge against girl under 16.

Preliminary examination before juvenile court, under Acts 1911, chapter 58, section 10, of girl under sixteen charged with murder, and commitment to jurisdiction of criminal court, as under section 9, *held* not necessary to confer jurisdiction on criminal court, such cases not being within terms of act. (*Post, pp.* 50, 51.)

Acts cited and construed: Acts 1911, ch. 58, sec. 10.

Case cited and approved: Juvenile Court of Shelby County v. State ex rel., 139 Tenn., 557.

Case cited and distinguished: Templeton v. State, 146 Tenn., 272.

2. **INFANTS.** Plea in abatement good on indictment of minor under sixteen in criminal court for any crime except murder or rape.

Plea in abatement to jurisdiction of criminal court, where indictment is for any crime except murder or rape, by minor under sixteen, is good in view of jurisdiction of juvenile court, under Acts 1911, chapter 58. (*Post, p.* 51.)

3. **INFANTS.** Motion in arrest of judgment after verdict on indictment for any crime other than murder or rape, lies, if record shows accused under sixteen.

Motion in arrest of judgment, after verdict on indictment for crime other than murder or rape, in criminal court, lies, if record shows accused is under sixteen, in view of jurisdiction of juvenile court, under Acts 1911, chapter 58. (*Post, p.* 51.)

Case cited and approved: Sams v. State, 133 Tenn., 188.

Howland v. State.

4. **INFANTS.** Jurisdiction of criminal court not lost by conviction of minor under sixteen of homicide of lesser degree than murder.

Jurisdiction of criminal court, on indictment of minor under sixteen for murder, being exclusive, *held* not lost on conviction of homicide of lesser degree, in view of Shannon's Code, section 7188, requiring court to charge on all included offenses, and sections 7085 and 7195, providing for conviction under indictment for lesser degrees, since judgment must be on verdict of jury, and jeopardy having once attached jurisdiction may not be relinquished and cause committed to juvenile court. (*Post, pp.* 51, 52.)

Cases cited and approved: Tomasson v. State, 112 Tenn., 596; Armstrong v. State, 41 Tenn., 341; McGinnis v. State, 28 Tenn., 54.

Code cited and construed: secs. 7085, 7188, 7195 (S.)

*Headnotes 1. Infants, 31 C. J., Section 214; 2. Infants, 31 C. J., Section 216 (1926 Anno); 3. Infants, 31 C. J., Section 223 (1926 Anno); 4. Infants, 31 C. J., Section 214 (1926 Anno); Criminal Law, 16 C. J., Section 247.

## FROM HAMILTON.

Appeal from the Criminal Court of Hamilton County. —Hon. Floyd Estill, Judge.

W. A. Schoolfield, for appellant.

Charles L. Cornelius, Assistant Attorney-General, for the State.

Mr. Justice Cook delivered the opinion of the Court.

Plaintiff in error was adjudged guilty of voluntary manslaughter and committed to the vocational school

for girls for a term of five years.  She appealed and has assigned as error (1) that the evidence preponderates against the verdict; (2) that she is under sixteen years of age and not subject to the jurisdiction of the criminal court.

Witnesses for the State testify to facts which show a deliberate assault with a knife, under circumstances sufficient to sustain a charge of murder in the second degree; the accused presents facts which would authorize a verdict of voluntary manslaughter.  The evidence sustains the verdict.  The other assignments of error challenge the jurisdiction of the court.

By chapter 58 of the Acts of 1911, the legislature established the juvenile court, and conferred upon it jurisdiction over all dependent and delinquent children. Delinquent  children includes, among others, any child under sixteen years of age who has violated the law. The act confers exclusive jurisdiction upon the juvenile court in all cases against persons under sixteen years of age charged with a crime or misdemeanor other than rape or murder.  It "expressly provides that when a judge of a juvenile court shall conclude that a child brought before him is probably guilty of murder in the first degree, murder in the second degree, or of rape, that the juvenile court shall at once turn said child over to the authorities of the county to be procceded against according to the course of the criminal law.  In other words, a juvenile court has no jurisdiction when the judge of that court is of opinion that the child brought before him is probably guilty of one of the crimes mentioned."  *Juvenile Court of Shelby County* v. *State ex*

151 Tenn.—4.

*rel.,* 139 Tenn., 557, 201 S. W., 773, Ann. Cas., 1918D, 752.

In *Templeton* v. *State,* 146 Tenn., 272, 240 S. W., 789, the court said:

"Section 2 of the act, which gives the county judge or chairman of the county court exclusive jurisdiction of all cases coming within the terms of this chapter, does not apply to cases of rape and murder, as such cases are not within the terms of the act at all. This being true, the act does not prohibit the arresting of a child under sixteen years old upon a criminal warrant by a justice of the peace, or his indictment by a grand jury and his trial in the circuit court of the offenses of rape and murder. The provision in the act which authorizes and requires the juvenile court to remand the child when it shall appear that there is probable cause to believe it guilty of the crime of rape or murder, to dismiss the cause and remand the child to the sheriff of the county to be dealt with, is intended only to facilitate the jurisdiction of the criminal court over such offenses where the child has been arrested under the provisions of the act. This provision of the act strengthens the construction that the circuit court alone has jurisdiction of offenses of rape and murder by juveniles, and it in no way repeals or modifies the general provision of the criminal law with respect to offenses of this character."

The record does not show that the accused was carried before the juvenile court, as provided in section 10 of chapter 58, Acts of 1911, and after a preliminary examination committed to the jurisdiction of the criminal court to answer the charge of murder as provided in section 9 of the Act. Cases of murder and rape are not

within the terms of the act, and the preliminary examination by the juvenile court was not required as a means of conferring jurisdiction upon the criminal court. *Templeton* v. *State,* supra.

It is insisted by plaintiff in error that the criminal court of Hamilton county could not exercise jurisdiction because she was under sixteen years of age, and not guilty of any degree of murder; and that the trial judge erroneously dismissed the plea in abatement challenging jurisdiction upon this ground. The circuit and criminal courts possessed superior original jurisdiction over all indictable offenses when the juvenile court law was passed. Their jurisdiction was exclusive in all cases until this act conferred jurisdiction upon the juvenile court over delinquent children—that is persons under sixteen years of age charged with any other crime but rape and murder. A plea in abatement would be good in cases when the indictment charged one under sixteen years of age with a crime other than rape or murder. After verdict, if it appeared from the face of the record that the accused under sixteen years of age was indicted and convicted for a crime beyond the jurisdiction of the circuit or criminal court, a motion in arrest of judgment would lie. *Sams* v. *State,* 133 Tenn., 188, 180 S. W., 173.

But where the grand jury presented an indictment for murder against one under sixteen years of age, as was done in this case, the jurisdiction of the criminal court over the offense of murder being exclusive, that court would not thereafter lose its jurisdiction by a verdict assessing a degree of homicide below murder. 16 C. J., 181, pars. 246, 247.

This follows as a consequence of our statutes. Section 7188, Shannon's Code, requires the trial judge to charge the jury upon all included offenses. Sections 7085 and 7195, provide that upon indictment for any offense admitting of different degrees the defendant may be convicted of the offense charged or any degree below the offense charged. It was incumbent upon the criminal court to impanel a jury and put the accused to trial upon the indictment for murder to ascertain her guilt or innocence.

The jury, not the judge, determines the degree of homicide, and, until after verdict, the court could not know what degree the jury, in the exercise of their discretion, might find. The judge could not review the discretion thus exercised by the jury, but must write a judgment upon the verdict as reported. After the accused was tried upon the indictment, which included all the degrees of homicide, having been once in jeopardy, jurisdiction could not then be relinquished and the cause committed to the juvenile court. *Tomasson* v. *State,* 112 Tenn. (4 Cates), 596, 79 S. W., 802; *Armstrong* v. *State,* 1 Cold. (Tenn.), 341; *McGinnis* v. *State,* 9 Humph. (Tenn.), 54, 49 Am. Dec., 697.

Affirmed.