CHARLES GREENE

*v.*

STATE OF TENNESSEE.

358 S.W.2d 306.

(*Knoxville*, September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

C. FRANK DAVIS, Morristown, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, LYLE REID, Assistant Attorney General, Nashville, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Charles Greene, a boy fifteen (15) years of age, was indicted on a two-count indictment charging (1) rape, and (2) assault with intent to carnally know a female under twelve (12) years of age. The court withdrew the first count from the jury and Greene was found guilty on the second count, and sentenced to serve ten years in the State penitentiary. He has seasonably appealed and able briefs have been filed on his behalf, and a brief likewise was filed by the State in his behalf.

After the State had completed its proof Greene through counsel moved that the entire indictment be quashed and

that Greene be remanded to the Juvenile Court. This motion was denied.

■ The only question presented to us is whether or not the trial court was in error in refusing to remove the case to the Juvenile Court after the State had failed to introduce any evidence of penetration which is the essential element of rape. As said in Underhill's Criminal Evidence, 5th Ed., sec. 764:

"The slightest penetration is sufficient, but it must be proved beyond a reasonable doubt."

It is likewise said in 75 C.J.S. Rape sec. 82b, page 576:

"In a prosecution for rape, the court must properly charge as to the necessity for penetration; * * *."

This necessarily follows from our statutory definition of rape as contained in sec. 39-3701, T.C.A., where it is said:

"Rape is the unlawful carnal knowledge of a woman, forcibly and against her will. Carnal knowledge is accomplished by the commencement of a sexual connection, and proof of emission is not required."

■ Of course, penetration may be shown by circumstantial evidence.

Thus we come to the question here presented whether a person under sixteen (16) years of age can be tried for and convicted of a crime other than rape in the criminal court, or whether or not the child when it is shown that he is under the statutory age should be remanded by the Criminal Court to the Juvenile Court when it clearly appears from the proof that the child is not guilty of rape. Of course, the Criminal Court had jurisdiction to

try Greene for rape, but when it appeared under a proper motion by the plaintiff in error that under the facts the child was not guilty should the Criminal Court have transferred this case to the Juvenile Court or gone on and tried the child for an assault with intent to carnally know a female under twelve (12) years of age? Unquestionably where rape has not been committed by an adult, the adult may be convicted under a proper indictment for an assault with intent to commit rape.

Title 37, Chapter 2, T.C.A., vests Juvenile Courts of this State with original and exclusive jurisdiction of all offenses committed by persons under eighteen (18) years of age with two limitations on this exclusive jurisdiction. Sec. 37-243, T.C.A. One of these exceptions is the jurisdiction of rape and murder committed by children under sixteen (16) years of age, and this is for the limited purpose of determining if there is proper cause to believe that one of these crimes has been committed, and, if so, to remand the accused to the Sheriff to be tried as an adult. Sec. 37-265, T.C.A. Another limitation is that if the Juvenile Court finds a child sixteen (16) years of age or older to be incorrigible it may order the child to be tried as an adult. Sec. 37-264, T.C.A. As said above, in this case Greene was under sixteen (16) years of age and thus we are confronted only with the first limitation above as to whether or not there is probable cause to believe that the child has been guilty of rape.

In *Sams v. State,* 133 Tenn. 188, 180 S.W. 173, a child under sixteen (16) years of age was indicted for carrying a pistol, tried in the Criminal Court and convicted. On appeal this Court held that the Criminal Court was without jurisdiction. The Court further held that the fact that

the Criminal Court refused to discharge the defendant and proceeded to try him would not defeat the jurisdiction of the Juvenile Court. The Court ordered the accused remanded to the Juvenile Court.

In *Howland v. State,* 151 Tenn. 47, 268 S.W. 115, this Court held that a plea in abatement to the jurisdiction of a Criminal Court, where the indictment is for any crime except murder or rape by a minor under sixteen (16), is good in view of the jurisdiction of the Juvenile Court, under juvenile laws as then in force and now carried in the Code as indicated hereinbefore and as have been amended since the Howland case. These amendments though do not affect the holding in the Howland case because they relate to other questions.

This Court likewise held in the Howland case that a motion in arrest of judgment, after verdict on indictment for crime other than murder or rape, in the Criminal Court, lies, if the record shows that the accused is under sixteen (16) in view of this juvenile legislation as set forth hereinbefore.

■ In the present case the conviction was for an assault with the intent to have carnal knowledge of a female under twelve (12) years of age, which is an offense separate and distinct from rape, and is not a lesser included offense. *Sydney v. State,* 22 Tenn. 478; *Bowmer v. State,* 157 Tenn. 124, 6 S.W.2d 326.

To affirm this conviction a very literal interpretation of sec. 37-265, T.C.A., must be brought into play. Such an interpretation is clearly not in harmony with the stated purpose of Juvenile Court law as set forth in Title 37, Chapter 2, T.C.A., supra.

When the jury decides that the crime was not rape but an assault with intent to carnally know a female under twelve (12) years of age the verdict does not mean that the juvenile should be dealt with and punished as a felon, but it means that the juvenile should be dealt with in a Juvenile Court as a delinquent child in the manner provided by the juvenile laws set forth, supra. This question of whether the person being tried is under sixteen (16) years of age and is or is not guilty of rape is a question of fact relating to jurisdiction and is to be determined by the trial judge after hearing these facts, and when it is shown that some crime other than those excepted in the statute has been committed the trial judge should then remand the child to the Juvenile Court where proceedings may be had under Juvenile Court law, that is, whether the child is incorrigible or not under such circumstances and under the statute (Sec. 37-264, T.C.A.). If the child is incorrigible under such circumstances, of course, the Juvenile Court then may transfer the child to the Criminal Court to be tried. The effect of the jury's finding that this crime was not rape but an assault with the intent to carnally know a female under twelve (12) years of age would be to hold the accused as a delinquent juvenile, subject to trial and punishment in the Juvenile Court.

■ In view of the situation here as outlined above we think the trial judge should have sustained the motion as a motion in arrest of judgment and transferred this child to the Juvenile Court. Thus it is the judgment below is reversed and modified and the child here ordered transferred to the Juvenile Court for further proceedings under that law.