**John COMBS, Appellee,**

v.

**STATE OF TENNESSEE, Appellant.**

**No. 75–1045.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 3, 1975.

Decided Feb. 17, 1976.

Certiorari Denied April 26, 1976.
See 96 S.Ct. 1731.

R. A. Ashley, Atty. Gen. of Tenn., W. Henry Haile II, Etrula R. Trotter, Nashville, Tenn., for appellant.

John L. Kiener, Cantor, Kiener & Bowman, Johnson City, Tenn. (Court-appointed CJA), for appellee.

Before PHILLIPS, Chief Judge, and MILLER and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

John Combs was found guilty by a jury of raping his eleven year old daughter, and sentenced to imprisonment of fifteen years and one day. The District Court concluded that Combs has been deprived of his liberty in violation of his right to due process of law under the fourteenth amendment and directed that the writ of habeas corpus issue unless he is retried within a reasonable time. The State of Tennessee appeals.

We reverse on the ground that the petition for writ of habeas corpus, when construed most liberally in favor of petitioner, does not present a case of deprivation of any federal constitutional right.

Under 28 U.S.C. § 2254, a writ of habeas corpus will issue "only on the ground that he [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."

In *Roddy v. Black,* 516 F.2d 1380, 1383 (6th Cir. 1975), this court said:

The Great Writ is not an instrument which federal courts may employ at will to reverse state criminal convictions. Rather it is the means by which federal courts may undo "restraints contrary to our fundamental law, the Constitution." *Fay v. Noia,* 372 U.S. 391, 409, 83 S.Ct. 822, 832, 9 L.Ed.2d 837 (1963).

In *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied,* 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970), this court said:

The public interest may be affected seriously by habeas corpus actions. Although this case primarily involves the constitutional rights of the prisoner, the public has a right of protection against the release of convicted criminals except where violations of constitutional rights have been established.

To like effect see *Weston v. Rose,* 527 F.2d 524 (6th Cir. 1975).

The indictment under which Combs was convicted contained three counts. The first count charged him with raping Barbara Ann Combs. The second count charged him with making an assault and battery upon Barbara Ann Combs with the intent to unlawfully ravish and carnally know her, alleging that she was under twelve years of age. The third count charged that he did unlawfully and feloniously carnally know Barbara Ann Combs, and alleged that she was under twelve years of age.

The jury returned its verdict in the following manner:

The Court: Ladies and gentlemen of the jury, in this case 2343, State against John Combs, have you agreed on a verdict?

Foreman: Yes, we have, your Honor.

The Court: What is your verdict?

Foreman: We find him guilty on the charge of rape.

The Court: So say you all?

(All jurors indicate affirmatively)

The Court: What punishment do you fix?

Foreman: Fifteen years and one day minimum.

The Court: So say you all, ladies and gentlemen?

(All jurors indicate affirmatively)

The record shows that, after the verdict of the jury, Combs came into open court before the State trial judge accompanied by his attorney of record. After being advised of his right to appeal, he personally signed an order stating that he understood his rights and that he did

not desire that his attorney file a motion for a new trial or appeal his conviction and sentence.[1]

The decision of the District Court is based upon Tennessee statutes relating to rape, which are set forth in the appendix to this opinion. Relying upon Tennessee decisions construing these statutes,[2] the District Court held that there is no such crime in Tennessee as the rape of a female under twelve years of age. The District Court, citing *Parr v. United States,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960), correctly stated that "no man, however bad his behavior, may be convicted of a crime of which he was not charged, proven and found guilty in accordance with due process."

 Assuming that the District Court was correct in its interpretation of the Tennessee statutes relating to rape (see appendix), the violation of a state statute or rule of practice does not, by itself, constitute deprivation of a right guaranteed by the Constitution of the United States. Misapplication of State law, absent invidious discrimination, does not necessarily present a federal constitutional question. *Beck v. Washington,* 369 U.S. 541, 554–55, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); *Snowden v. Hughes,* 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed. 497 (1944); *Gemmel v. Buchkoe,* 358 F.2d 338 (6th Cir. 1966), *cert. denied,* 385 U.S. 962, 87 S.Ct. 402, 17 L.Ed.2d 306 (1966); *Worth v. Michigan,* 291 F.2d 621 (6th Cir. 1961), *cert. denied,* 358 U.S. 856, 79 S.Ct. 88, 3 L.Ed.2d 89 (1958); *Hicks v. Michigan,* 281 F.2d 645 (6th Cir. 1960).

The error of the District Court was in finding an issue of federal constitutional dimensions in a case "interrelated with rules of criminal pleading peculiar to the state of Tennessee, the constitutionality of which [is not in] issue." *Duncan v. Tennessee,* 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972), dismissing certiorari as improvidently granted in *State v. Brooks,* 224 Tenn. 712, 462 S.W.2d 491 (1970).

T.C.A. § 39–3702 (see appendix) as of the date of the conviction of Combs, prescribed the penalty for "the rape of *any female*" (emphasis added). T.C.A. § 39–3705 provided that "Any person who shall carnally know and abuse a female under the age of twelve (12) years shall, on conviction, be punished *as in the case of rape.*" (Emphasis added.)

The record shows that the jury found Combs guilty of a sexual crime against his eleven year old daughter. The offense, labeled "carnal knowledge" in T.C.A. § 39–3705, was expressly made punishable "as in the case of rape."

 Combs had a due process right under the Constitution to be informed of the nature of the accusations against him. This right requires that the offense be charged with precision and certainty so as to apprise the accused of the crime of which he stands charged. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. Wharton's Criminal Law and Procedure, Vol. 4, pp. 556–58, § 1762 (1957 Ed.).

 There can be no doubt that the indictment and statutes on which it was based informed Combs in the present case of the nature of the accusations against him with such clarity and certainty as to apprise him of the crime with which he was charged. The offense charged in the indictment was rape of his eleven year old daughter, assault and battery upon his eleven year old daughter with intent to ravish and carnally know her, and carnal knowledge of his eleven year old daughter. The identity

---

1. In an unpublished opinion filed February 19, 1974, the Supreme Court of Tennessee held that Combs is bound by his waiver of his right to move for a new trial and to appeal his conviction, and that he is not entitled to post-conviction relief under the State Post-Conviction Procedure Act, 40 T.C.A. § 3801 *et seq.* The State contends that this waiver precluded Combs from seeking federal habeas corpus relief. We do not reach this question on the present appeal, in view of our disposition on another ground.

2. *Greene v. State,* 210 Tenn. 276, 358 S.W.2d 306 (1962); *Bowmer v. State,* 157 Tenn. 124, 6 S.W.2d 326 (1928); *Hill v. State,* 50 Tenn. 317 (1871); *Sydney v. State,* 22 Tenn. 478 (1842).

of the victim was clear. The nature of the crime was clear. The record demonstrates conclusively that Combs was neither surprised, mislead nor prejudiced in any way by the language of the indictment and statutes, or by the language in the verdict of the jury. *Compare: Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Goble,* 512 F.2d 458, 466 (6th Cir. 1975); *United States v. Fruchtman,* 421 F.2d 1019, 1021 (6th Cir. 1970), *cert. denied,* 400 U.S. 849, 91 S.Ct. 39, 27 L.Ed.2d 86 (1970); *Stone v. Wingo,* 416 F.2d 857, 864 (6th Cir. 1969); *United States v. Mills,* 366 F.2d 512, 514 (6th Cir. 1966); *United States v. Crowder,* 346 F.2d 1, 3 (6th Cir. 1964), *cert. denied,* 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161 (1965); *United States v. Haskins,* 345 F.2d 111, 114–15 (6th Cir. 1965); *Harrison v. United States,* 200 F. 662, 673 (6th Cir. 1912).

■ The Constitution does not require the Tennessee indictment rule, nor indeed any indictment at all. *Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1883).

■ It is not correct to say that the rape of a child was not a crime in Tennessee at the time of the conviction of Combs. T.C.A. § 39–3702 prescribed the penalty for "the rape of *any* female." It is impossible to rape a female of any age without having carnal knowledge of her. The difference between the statutes was that one required *forcible* carnal knowledge of the female twelve years old or older, while a violation of T.C.A. § 39–3705 did not require force with respect to a child under twelve and was punishable "as in the case of rape." The fact that the jury found that Combs · was guilty of "rape," rather than that he was guilty of "carnal knowledge of a female under the age of twelve," makes no difference from a constitutional viewpoint when Combs was informed of the accusations against him with such certainty as to give him notice of the crime with which he was charged. The statutory range of punishment is the same, whether the female was below or above twelve

years of age. Combs was not deprived of due process. If an error, other than constitutional violations, was committed under the Tennessee statutes, Combs lost his right to complain by failing to appeal to the appellate courts of Tennessee.

Reversed.

## APPENDIX

The applicable Tennessee statutes in effect at the time of the conviction of appellant were T.C.A. §§ 39–3701, 39–, 3702 and 39–3705.

T.C.A. § 39–3701, identical to § 10780 of the Code of 1932, was as follows:

**39–3701. "Rape" defined.**—Rape is the unlawful carnal knowledge of a woman, forcibly and against her will. Carnal knowledge is accomplished by the commencement of a sexual connection, and proof of emission is not required. [Code 1858, § 4610 (deriv. Acts 1829, ch. 23, § 13); Shan., § 6451; Code 1932, § 10780.]

T.C.A. § 39–3702, identical to § 10781 of the Code of 1932, was as follows:

**39–3702. Punishment for rape.** —Whoever is convicted of the rape of any female shall suffer death by electrocution; provided, the jury before whom the offender is tried and convicted, may, if they think proper, commute the punishment for the offense to imprisonment in the penitentiary for life, or for a period of not less than ten (10) years. [Code 1858, § 4611 (deriv. Acts 1829, ch. 23, § 14); Acts 1871, ch. 56, § 1; impl. am. Acts 1913 (1st E.S.), ch. 36, § 1; Shan., § 6452; Code 1932, § 10781.]

T.C.A. § 39–3705, identical to § 10784 of the Code of 1932, was as follows:

**39–3705. Carnal knowledge of child under twelve years.**—Any person who shall carnally know and abuse a female under the age of twelve (12) years shall, on conviction, be punished as in the case of rape. [Code 1858, § 4614 (deriv. Acts 1829, ch. 23, § 15); Acts 1871, ch. 56, § 2; 1879, ch. 63, § 1; 1893, ch. 129, § 1; 1901, ch. 19,

§ 1; 1911, ch. 36, § 1; Shan., § 6455; Code 1932, § 10784.]

These statutes had their origin in §§ 13–15, Ch. 23, Acts of 1829, which were codified as follows in §§ 4610, 4611 and 4614 of the Code of 1858:

4610. Rape is the unlawful carnal knowledge of a woman forcibly and against her will. Carnal knowledge is accomplished by the commencement of a sexual connection, and proof of emission is not required.

4611. Whoever is convicted of the rape of any female of the age of ten years or upwards, shall undergo imprisonment in the penitentiary not less than ten nor more than twenty-one years.

4614. Any person who shall unlawfully and carnally know and abuse a female, under the age of ten years, shall, on conviction, be punished as in the case of rape.

The maximum penalties were increased by Chapter 56, Act of 1871.

Section 4614 of the Code of 1858 was amended by Ch. 63, Acts of 1879, to read as follows: "Any person who shall commit an assault and battery upon a female, under the age of ten years, with the intent to unlawfully and carnally know her, shall, on conviction, be punished as in case of rape."

The age specified in § 4614 was increased to twelve years by Ch. 129, Acts of 1893, so that the first sentence read: "Any person who shall unlawfully and carnally know and abuse a female under the age of twelve years shall, on conviction, be punished as in the case of rape."