774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oliver H. Richmond, Jr., Petitioner-Appellant,
v.
E.P. Perini, Respondent-Appellee.
 No. 84-3687
 United States Court of Appeals, Sixth Circuit.
 9/13/85
 
 N.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MERRITT and JONES, Circuit Judges; BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this appeal from the District Court's denial of defendant's petition for writ of habeas corpus, defendant argues that his due process rights under the Fourteenth Amendment were violated because: (1) the State failed to provide him with a bill of particulars; (2) the trial court did not pass on the voluntariness of an admission made by defendant to the police; and (3) the conviction in his non-jury trial was not supported by sufficient evidence. Defendant was convicted of aggravated robbery. We find that his constitutional rights were not violated; we affirm the District Court's denial of the writ of habeas corpus.
 
 
 2
 The facts of the robbery are as follows. At approximately 8:00 A.M. on May 19, 1980, a man entered the Gastown Service Station in Mayfield Heights and asked for a pack of cigarettes. He then pulled a gun on the attendant; he ordered the attendant to empty his pockets and lie on the floor in the back room. While this was happening, a woman entered the gas station. The gunman ordered her to the back room as well; a second man then took her money.
 
 
 3
 The two men then fled to a car waiting on the street next to the gas station. The driver and passenger in an adjacent car saw the two men flee the gas station and enter an old brown Cadillac. The two witnesses chased the suspects for a short distance; they then went to a nearby police station and reported what they had seen. The police immediately chased the suspects at high speeds through several suburbs. The chase ended when the Cadillac crashed.
 
 
 4
 Defendant Richmond was identified by the police as the driver of the car. Defendant and his two passengers were arrested and advised of their rights. One of the two men riding in defendant's car was later identified by the female robbery victim as the man who took her money in the gas station. Defendant was not identified by either victim as one of the two men in the station.
 
 
 5
 Defendant waived his right to a jury trial. At the close of the State's case, defendant moved for acquittal; the trial court denied the motion. Defendant was convicted of two counts of aggravated robbery and sentenced to four to 25 years.
 
 
 6
 The indictment against defendant stated that he and his co-defendants:
 
 
 7
 did, in attempting or committing a theft offense, as defined in Section 291.301 of the Revised Code, or in fleeing immediately after such attempt or offense upon Wesley Voorhies, [and Karen Brunnet] have a deadly weapon or dangerous ordinance, to wit: a gun, on or about their person or under their control . . ..
 
 
 8
 The defendant filed a motion for a bill of particulars in state court requesting information as to the exact date, time, and street location. The State, apparently through negligence, did not respond to this request. Defendant argues that under the Ohio Supreme Court decision, State v. Fowler, 174 Ohio St. 362, 189 N.E.2d 133 (1963), when a defendant is charged in the alternative, as here, furnishing a bill of particulars is mandatory and a failure to do so is prejudicial.
 
 
 9
 The District Court, adopting the findings of the Magistrate, correctly held that insofar as defendant's claim is directed solely to the application of state law principles, it is not cognizable in a federal habeas proceeding. See Combs v. Tennessee, 530 F.2d 695 (6th Cir.), cert. denied, 425 U.S. 954 (1976). Further, any due process violation would have to be premised on lack of sufficient notice of the charges against defendant. The indictment sufficiently provides the defendant notice of the crime with which he was charged. See Watson v. Jago, 558 F.2d 330 (6th Cir. 1976)]. Defendant's claim based on the State's failure to provide a bill of particulars fails.
 
 
 10
 Second, defendant argues that the trial court failed to make a finding on the voluntariness of an admission made by him to the police at the time of his arrest. The admission concerned his wife's ownership of the car and his own role in driving the car.
 
 
 11
 Although a judge need not make formal or written findings of fact, the judicial conclusion that a statement is voluntary must appear from the record. Jackson v. Denno, 378 U.S. 368 (1964). Here, the trial court expressly noted that defendant had been advised of his Miranda rights prior to the challenged conversation. The court twice stated to defense counsel that the arresting officer informed defendant of his Miranda rights prior to defendant's making any statements. Further, defendant introduced no evidence of duress or coercion. The record, therefore, reflects that the trial court determined that defendant's statements were voluntary. Thus, defendant's second argument fails.
 
 
 12
 Third, defendant raises a sufficiency of the evidence question. Defendant primarily invokes this Court's decision in Fuller v. Anderson, 662 F.2d 420 (6th Cir. 1981), to support his argument. In Fuller, the defendant was convicted on felony-murder charges on an aiding and abetting theory. Testimony suggested that Fuller acted as a lookout during the crime's commission, but that evidence was held insufficient to sustain rational inferences of guilt beyond a reasonable doubt.
 
 
 13
 Contrary to defendant's contention, the evidence in Fller was considerably more tenuous than the present case. Here, defendnt was no mere bystander. He waited for co-defendant Howard and the gunman outside the gas station during the robbery. Immediately after they came out, defendant drove the car away at a high speed. He sustained this high speed driving until the chase ended in a crash. Defendant's active participation in the crime was clear. It is obvious that, viewing the facts on review in the light most favorable to the prosecution, the evidence was sufficient for 'any rational trier of fact [to] have found the essential elements of the crime beyond a reasonable doubt.' Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 14
 Accordingly, the judgment of the District Court is affirmed.