805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Don NORMENT, Petitioner-Appellant,
v.
John REES, Warden, Respondent-Appellee.
 No. 86-5659.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1986.
 
 1
 Before NELSON and RYAN, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In this action for federal habeas relief under 28 U.S.C. Sec. 2254, petitioner attacks the constitutionality of a 1981 second degree persistent felony offender conviction (Kentucky Revised Statutes Sec. 532.080). Petitioner contends that the trial court committed constitutional error in erroneously permitting the jury to consider a 1971 grand larceny conviction in connection with the persistent felony offender charge. The district court dismissed the petition. Petitioner was granted a certificate of probable cause and this appeal followed. On appeal, petitioner has filed an informal brief and moves for the appointment of appellate counsel.
 
 
 4
 Upon consideration, we agree with the district court. A federal court entertaining an attack upon a state court conviction may not issue a writ of habeas corpus solely on the basis of a perceived error of state law. The exception to this rule is an error so egregious as to amount to a denial of fundamental fairness or of other federal rights. Pulley v. Harris, 465 U.S. 37, 41 (1984); Combs v. State of Tennessee, 530 F.2d 695, 698 (6th Cir.), cert. denied, 425 U.S. 954 (1976). Petitioner's claim rests squarely on an error made in applying Kentucky's persistent felony offender law. He has not demonstrated that this error was of sufficient magnitude as to constitute a federally cognizable action. For this reason, and for the reasons advanced by the district court, we affirm.
 
 
 5
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 6
 It is ORDERED that the motion for counsel be denied and that the final order of the district court be and it is hereby affirmed.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation