**STATE of Tennessee, Appellee,**

v.

**Jerome BROWN, Defendant/Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 19, 1987.

Petition to Appeal Denied by Supreme Court on Feb. 1, 1988.

W.J. Michael Cody, Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Thomas Evans, Asst. Dist. Atty. Gen., for appellee.

Richard K. Mabee, Chattanooga, for defendant/appellant.

## OPINION

BIRCH, Judge.

Jerome Brown was convicted by the Criminal Court of Hamilton County, the Honorable Douglas A. Meyer, Judge, of aggravated rape, robbery accomplished by the use of a deadly weapon, and burglary first degree. He was sentenced to terms of sixty (60) years each on aggravated rape and robbery charges, and fifteen (15) years on burglary first degree. The trial judge ordered the rape and robbery sentences to be served consecutively to each other and consecutively to a prior life sentence. The burglary sentence was ordered to be served concurrently with the aggravated rape and robbery sentences.

He appeals as of right, raising evidentiary issues and sentencing issues. Specifically, defendant contends that:

1. The evidence is not sufficient to support the verdict of the jury;

2. The serologist's testimony should have been excluded; and

3. The sentences were not justified by the evidence.

We have carefully reviewed these issues. We affirm.

### SUFFICIENCY OF THE EVIDENCE

Summarizing the evidence, late on the evening of July 2, 1986, a female victim heard a loud sound in her kitchen. She was immediately confronted by a man at her bedroom door. He demanded money. When she stated that she had no money, he demanded jewelry. She removed two rings from her fingers and handed them to him. He continued to threaten her and demand money. He forced her to the floor in her children's bedroom, got on top of her and began disrobing himself. The victim refused to disrobe, whereupon she was struck on the lip. He then proceeded to disrobe her and to have sex with her. After making more threats, he left. Though able to describe the assailant, she could not swear that the defendant was the assailant.

Officer Poteet was directed to the area of a Goodwill Store a few blocks from the victim's home to check on a report of suspicious persons. He found Robert Boyd there and decided to arrest him. Before accomplishing the arrest, he heard a burglary-in-progress call on his radio. He dismissed Boyd and responded to the call, which involved the victim's residence. His investigation at the residence revealed that a black male had been involved in the burglary/rape. He then sought to apprehend Boyd, whom he suspected, and broadcast a description of the car Boyd was in, a 1973 Cutlass.

In addition to other evidence found at the scene, there was also an envelope containing the vehicle registration for defendant's 1973 Cutlass, a knife, and a letter to the defendant from Debbie Grime, his parole officer. (Defendant was on parole for felony convictions at the time this incident occurred.)

Defendant was observed at or near the Goodwill Store several times that evening. The 1973 Cutlass was likewise observed there.

The physician who examined the victim shortly after the incident found sperm in the victim's vagina.

A serologist testified that the defendant was included in a group that could have contributed the sperm sample found in the victim's vagina.

Defendant's parole officer identified the letter found at the scene as being the letter sent by her to defendant and mailed July 1, 1986.

Defendant's witnesses, all relatives or acquaintances, testified basically that the defendant was elsewhere than at the scene of the crime.

The state produced witnesses tending to rebut the alibi testimony.

The defendant contends that the proof is insufficient to support the convictions for robbery accomplished by the use of a deadly weapon, burglary first degree, and aggravated rape. When the sufficiency of the evidence is challenged, the standard for appellate review is whether, after considering the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. On appeal, the state is entitled to the strongest legitimate view of the evidence, and all reasonable and legitimate inferences which may be drawn from the proof. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). In a criminal action, a conviction will be set aside only where the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tennessee Rules of Appellate Procedure 13(e). In a

jury trial, a guilty verdict, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in testimony in favor of the theory of the state. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978).

While defendant insists generally that the evidence is insufficient to sustain the verdict, he also argues specifically that as to the charge of aggravated rape, the state did not prove the element of penetration.

The victim testified that the assailant forced himself on her and had sex with her. Although proof of semen emission is not required (Tenn.Code Ann. § 39–2–602(11)), a medical examination conducted shortly after the incident revealed the presence of sperm in the victim's vagina. Penetration may also be proved circumstantially. *Greene v. State*, 358 S.W.2d 306 (Tenn. 1962); *State v. Fears*, 659 S.W.2d 370 (Tenn.Crim.App.1983).

We conclude from the abundance of overpowering proof presented, that any rational trier of fact could have found the essential elements of the crimes of burglary first degree, robbery accomplished by the use of a deadly weapon, and aggravated rape, all beyond a reasonable doubt. The evidence of defendant's guilt in each case more than satisfies the standard prescribed in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and in Tennessee Rules of Appellate Procedure, Rule 13(e).

## EXCLUSION OF SEROLOGIST'S TESTIMONY

Defendant next says that the trial judge should have excluded the testimony of Patti Choate, the serologist, because her testimony was too speculative.

We observe that no objection was made to her testimony until at a recorded bench conference, the defendant's counsel objected to the serologist's proposed testimony that the defendant is a "B secretor," and that 14% of the population are "B secretors."

Our Supreme Court specifically recognizes the science of serology, and allows

experts in the field to qualify and give evidence on this subject. *State v. Duncan,* 698 S.W.2d 63, 69 (Tenn.1985). Moreover, our courts also hold that all expert testimony is speculative, and requires careful evaluation. *Edwards v. State,* 540 S.W.2d 641, 647 (Tenn.1976); *Mullendore v. State,* 183 Tenn. 53, 191 S.W.2d 149 (1945); *See* 37.13, T.P.I.Crim.

It was for the jury to accept or reject the conclusions of the serologist. The defendant's contentions on this issue are not sustainable.

## SENTENCE

The sentences are as follows:

166743—Burglary first degree—15 years

166745—Robbery accomplished by the use of a deadly weapon—60 years

166776—Aggravated rape—60 years

Challenges to the length of sentence require this court to conduct a *de novo* review of the sentence without a presumption of correctness. Tenn.Code Ann. § 40–35–402(d). This *de novo* review must include a consideration of the following:

1. The evidence, if any, received at the trial and sentencing hearing;
2. The pre-sentence report;
3. The principles of sentencing and arguments as to sentencing alternatives;
4. The nature and characteristics of the criminal conduct involved;
5. Evidence and information offered by the parties on the mitigating and enhancement factors in Tenn.Code Ann. §§ 40–35–110 and 40–35–111; and
6. Any statement the defendant wishes to make in his own behalf about sentencing. (*See generally,* Tenn.Code Ann. § 40–35–210).

As provided in § 40–35–103, Tenn.Code Ann., sentences involving confinement should be based on the following considerations:

1. Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; or
2. Confinement is necessary to avoid deprecating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses.

The trial judge found no mitigating factors as defined in § 40–35–110, Tenn. Code Ann.

The statutorily-defined (§ 40–35–111(1), (5), (7), (8), (9), and (10), Tenn. Code Ann.) enhancement factors found by the trial judge were:

1. The defendant had a previous history of criminal convictions or criminal behavior;
2. The defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense;
3. The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement;
4. The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;
5. The defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense; and
6. The defendant had no hesitation about committing a crime when the risk to human life was high.

An "especially aggravated offense" (§ 40–35–107(3)(B), Tenn.Code Ann.) includes a felony committed while on parole if such release is from a prior felony conviction.

The trial judge found this defendant to be a persistent offender, who had committed two especially aggravated offenses.

Additionally, using the *Gray* standards, the trial judge found the defendant to be a multiple, persistent, and dangerous offender who had committed two crimes, the circumstances of which were aggravated. He, therefore, qualifies for consecutive sentencing. *Gray v. State,* 538 S.W.2d 391 (Tenn.1976).

■ The record amply supports these findings.

■ Once the applicable range has been determined, the court must then impose a

determinate sentence within that range. The record supports the findings of the trial judge as to enhancement and mitigating factors. The weight accorded enhancement or mitigating factors is determined by balancing relative degrees of culpability within the totality of the circumstances of the case involved. *State v. Moss*, 727 S.W. 2d 229 (Tenn.1986).

The trial judge fixed each of defendant's sentences at the outer limit of Range II.

■ We have conducted a *de novo* review on the record, have weighed enhancement factors, have considered the evidence adduced at both trials and sentencing hearings, and have evaluated the nature of the criminal conduct involved. We find that the sentences fixed by the trial judge are appropriate. Such sentences are "... no greater than that deserved for the offense[s] committed," Tenn.Code Ann. § 40–35–103(2); they are "... the least severe measure necessary to achieve the purposes for which the sentence is imposed," Tenn.Code Ann. § 40–35–103(4). In the opinion of this Court, they are the sentences which the defendant deserves in relation to the seriousness of the offenses.

Finding no reversible error, we affirm the convictions and judgments.

BYERS and SCOTT, JJ., concur.