956 F.2d 1164
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
enneth William FRAZIER, Petitioner-Appellant,
v.
CUSTODIAN OF THE KENTUCKY STATE REFORMATORY; Attorney
General of Kentucky, Respondents-Appellees.
 No. 91-6016.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1992.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Kenneth W. Frazier, a pro se Indiana prisoner, appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Frazier pled guilty to second degree robbery for which he received a sentence of five years. Frazier filed a post-conviction motion under Ky.R.Crim.P. 11.42 which was denied on appeal because Frazier did not pay a filing fee or request leave to proceed in forma pauperis. Frazier then filed a second RCR 11.42 motion which was denied as successive by the Kentucky appellate courts. The district court dismissed the petition finding that Frazier's procedural default barred habeas corpus relief.
 
 
 4
 On appeal, Frazier contends the district court erred by: (1) finding the state procedural default sufficient to bar habeas corpus relief; (2) finding insufficient evidence to establish cause and prejudice; (3) holding the default sufficient to deny Frazier the right to seek an appeal in the state appellate courts; and (4) neglecting to determine whether the guilty plea was voluntarily and intelligently given. Frazier has moved for the appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Frazier's habeas corpus petition.
 
 
 6
 Kentucky allows a defendant to file only one RCr 11.42 motion. See Stamps v. Rees, 834 F.2d 1269 (6th Cir.1987). As a result, Frazier's second RCr 11.42 motion was barred. Because Frazier's claims are precluded by a procedural default, he must show cause and prejudice to excuse his error in order to obtain federal review. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). Frazier has failed to satisfy this burden.
 
 
 7
 Frazier's arguments with regards to Kentucky's constitution and appellate rules are not reviewable in a habeas corpus action. See, e.g., Bell v. Arn, 536 F.2d 123, 125-26 (6th Cir.1976); Combs v. Tennessee, 530 F.2d 695, 698 (6th Cir.), cert. denied, 425 U.S. 954 (1976).
 
 
 8
 Accordingly, we deny the motion the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation