959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley Lee PEPPER, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-6131.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 Before BOYCE F. MARTIN, Jr., Circuit Judge; and LIVELY and BAILEY BROWN, Senior Circuit Judges.
 
 ORDER
 
 1
 Stanley Lee Pepper, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pepper entered a conditional guilty plea to charges of illegal possession of a controlled substance and first degree persistent felony offender for which he received a sentence of ten years. On appeal, Pepper challenged his arrest contending that the police lacked probable cause under the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution. The Kentucky Court of Appeals affirmed his conviction. The Supreme Court of Kentucky denied discretionary review.
 
 
 3
 In his petition, Pepper raised the same issue that he presented to Kentucky's appellate courts. The district court dismissed the petition. Pepper filed a motion to alter the judgment under Fed.R.Civ.P. 59(e) which was subsequently denied. Pepper then filed this timely appeal challenging his arrest under the Fourth Amendment and the Kentucky Constitution. Pepper requests the appointment of counsel.
 
 
 4
 Upon review, we conclude that Pepper has failed to establish that he was denied a fundamentally fair proceeding resulting in his unjust incarceration. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Pepper's arguments are actually challenges to the search that was incident to his arrest. Because Pepper had the opportunity to fully litigate his Fourth Amendment claims in the state courts of Kentucky, the alleged violations cannot be a basis for habeas relief. See Stone v. Powell, 428 U.S. 465, 494-95 (1976). Pepper's argument that his arrest violates Section 10 of the Kentucky Constitution is not reviewable in a habeas action. See Bell v. Arn, 536 F.2d 123, 125-26 (6th Cir.1976); Combs v. Tennessee, 530 F.2d 695, 698 (6th Cir.), cert. denied, 425 U.S. 954 (1976).
 
 
 5
 Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.