52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael K. LUNA, Plaintiff-Appellant,
v.
Dick SUTHERLAND, et al., Defendants-Appellees.
 No. 94-3959.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: KEITH and MARTIN, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Michael Luna appeals from the district court's sua sponte dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Michael K. Luna is an Ohio inmate. He filed a complaint under Sec. 1983 seeking monetary damages in which he alleged three Ohio officials acted to violate his equal protection and due process rights through the medium of a defective criminal indictment. The district court sua sponte ordered the complaint dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). This appeal followed. Luna has submitted a brief in his own behalf; the defendants were never served and therefore are not participating in this appeal.
 
 
 4
 The essence of Luna's complaint is as follows: On March 19, 1993, Luna was indicted by a Huron County [Ohio] grand jury on one count of knowingly causing serious harm to another, in violation of Ohio Rev.Code Sec. 2903.11(A)(1) (Anderson 1993). The indictment was signed by defendant Gregory Shell, apparently in his capacity as an Assistant Prosecuting Attorney for Huron County. It also appears that Shell signed for the Huron County Prosecutor, defendant Russell Leffler. Luna contends that Shell had been sworn in as an Ohio sheriff's deputy just prior to his participation in the indictment by defendant Huron County Sheriff Dick Sutherland. The significance of this is that, under Ohio law, deputy sheriffs are prohibited from engaging in the practice of law. Ohio Rev.Code Sec. 4705.01 (Anderson 1993). Luna thus reasoned that his due process and equal protection rights were violated by Shell's participation in the grand jury process. He asked for millions of dollars in compensatory and punitive damages from each defendant.
 
 
 5
 The district court sua sponte ordered the complaint dismissed. The court noted that, even giving the complaint a liberal construction, Luna had failed to articulate a violation of a federal constitutional right.
 
 
 6
 The district court did not commit an abuse of discretion in ordering the dismissal of the present complaint. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The federal guarantee of a grand jury indictment has not been applied to the states. See Branzburg v. Hayes, 408 U.S. 665 (1972). Not only does the Constitution not require any particular state indictment rule, it in fact does not require an indictment at all if sufficient notice of the charges is given in some other manner. Combs v. Tennessee, 530 F.2d 695, 699 (6th Cir.), cert. denied, 425 U.S. 954 (1976). The Fourteenth Amendment's due process clause requires only that the criminal defendant be given fair notice of the charges against him to permit an adequate preparation of his defense. See, e.g., In re Ruffalo, 390 U.S. 544 (1968). As it is clear that the indictment appended to the complaint gives adequate notice of the pending charge, there is no apparent ground for relief regardless of the construction of the action.
 
 
 7
 In addition, Luna sought only monetary damages from three officials of the State of Ohio, but failed to allege the capacity in which any of them were being sued. State officials are not subject to suit for monetary damages in their official capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Where a plaintiff seeking monetary damages in this context has failed to plead the capacity in which he is suing the state officials, the court will construe the suit to be one against them in their official capacities. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). As Luna did not specify the capacity in which he was suing the named defendants, the complaint was subject to dismissal on this ground. Id. at 594.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation