Samuel KEENER, Petitioner-Appellant,

v.

Terry D. TAYLOR, Superintendent of the Columbus Ohio Correctional Facility, Respondent-Appellee.

No. 80–3166.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1980.

Decided Feb. 5, 1981.

Alexander H. Martin, Jr., Shaker Heights, Ohio, for petitioner-appellant.

Rebecca Haney, Simon B. Karas, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before WEICK and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

The principal question presented on the appeal of this habeas corpus case is whether the procedure of the State of Ohio for determining whether a juvenile defendant should be tried as a juvenile or an adult is an adjudicatory proceeding to which double jeopardy attaches. District Judge Joseph P. Kinneary, in dismissing the petition of appellant Samuel Keener for writ of habeas corpus, answered in the negative. We agree that jeopardy did not attach during Keener's juvenile court transfer hearing and that his subsequent trial as an adult did not place him in double jeopardy.

I.

Appellant Keener, while a juvenile, was arrested for murder on December 5, 1969. The Juvenile Court of Hamilton County, Ohio, conducted several hearings in accordance with the recently amended Ohio Rev. Code § 2151.26.[1] These hearings were con-

1. § 2151.26 Relinquishment of jurisdiction for purpose of criminal prosecution.

(A) After a complaint has been filed alleging that a child is delinquent by reason of having committed an act which would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:

(1) The child was fifteen or more years of age at the time of the conduct charged;

(2) There is probable cause to believe that the child committed the act alleged;

(3) After an investigation including a mental and physical examination of such child made by the Ohio youth commission, a public or

ducted to determine whether appellant Keener should be treated as a juvenile or transferred to the Hamilton County Court of Common Pleas to be tried as an adult on the murder charge.

The juvenile court judge complied carefully with the requirements of § 2151.26. He announced that the hearings were being held preliminary to a decision as to whether Keener should be transferred to the State Court of Common Pleas. The State presented evidence of probable cause to believe that Keener had committed the alleged offense. The juvenile court allowed the defense to present evidence on the issue of Keener's transfer to the Court of Common Pleas, but prohibited testimony with respect to the merits of the alleged offense, stating: "you [appellant] will be in jeopardy" if testimony on the merits be introduced. The required mental and physical examinations of Keener were performed. At the conclusion of the hearings, the juvenile court held that Keener was over 15 years of age at the time of the conduct charged, that the conduct allegedly committed by him would be a felony if committed by an adult and that there was probable cause to believe that Keener committed the alleged act. The juvenile court also made the other findings required by § 2151.26 relating to Keener's amenability to rehabilitation and as to whether he was a potential threat to the community. Keener was bound over to the Court of Common Pleas of Hamilton County for grand jury action. Keener then was indicted and tried for first degree murder, was found guilty, and was sentenced to life imprisonment. This conviction was affirmed on appeal to the Hamilton County Court of Appeals. The Supreme Court of Ohio dismissed the appeal for the reason that no substantial constitutional question was presented. Keener filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio on October 25, 1977.

Keener's petition has been the subject of a previous appeal to this court. His petition alleged two grounds for relief: that jeopardy had attached at the juvenile transfer proceeding and that § 2151.26 required the juvenile court to make specific findings of fact in its transfer order. The district court dismissed both claims because Keener had failed to exhaust his available State court remedies. In *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979), this court remanded the case to the district court, affirming in part and reversing in part on the issue of exhaustion of available State remedies. On remand Keener introduced additional documents and records from the appeal of the juvenile court order, demonstrating that he had raised the issue of compliance with § 2151.26 and in fact had exhausted available State remedies on that issue. Accordingly, the district court considered the entire case on its merits, and on November 15, 1979, again dismissed Keener's petition. From this second dismissal on the merits Keener now appeals, alleging that jeopardy attached at the juvenile court transfer proceeding and that the juvenile court failed to make specific findings of fact allegedly required by § 2151.26, Ohio Rev.Code.

II.

Keener characterizes the juvenile court hearing as an adjudicatory proceeding which determined his guilt of the alleged offense. He argues that the introduction at the hearing of any evidence that he committed the alleged act, coupled with the order transferring him to be tried as an adult, constituted a determination of delinquency to which jeopardy attached. We reject the contention that the introduction of evidence of probable cause to believe appellant committed the alleged offense

private agency, or a person qualified to make such examination, that there are reasonable grounds to believe that:

(a) He is not amenable to care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

(b) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority.

without more, transformed the hearing into an adjudicatory proceeding.

In *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) the Supreme Court applied double jeopardy protection to juvenile adjudicatory proceedings determining a juvenile's delinquency, but recognized that non-adjudicatory juvenile transfer hearings can be held without jeopardy attaching. The Court recognized that *Breed* would require some kind of preliminary transfer hearing to protect against multiple trials, saying:

> We agree that such a holding will require, in most cases, that the transfer decision be made prior to an adjudicatory hearing. To the extent that evidence concerning the alleged offense is considered relevant, it may be that, in those cases where transfer is considered and rejected, some added burden will be imposed on the juvenile courts by reason of duplicative proceedings.
>
> (Footnotes omitted.) 421 U.S. at 535–36, 95 S.Ct. at 1788–1789.

Furthermore, the Court emphasized that while the hearings "must measure up to the essentials of due process and fair treatment," it was not attempting to "prescribe criteria for, or the nature and quantum of evidence that must support, a decision to transfer a juvenile for trial in adult court." *Id.* at 537, 95 S.Ct. at 1789.

In the present case the purpose of the preliminary hearings before the juvenile court was to determine whether Keener would be treated as a juvenile or an adult. Section 2151.26 required the juvenile court to make several determinations unrelated to the alleged offense but affecting appellant's transfer, such as his potential for rehabilitation in a juvenile facility and his potential threat to community safety. The juvenile court made no adjudication that Keener had violated a criminal law. As *Breed* requires, the hearings on transferring appellant were conducted prior to any proceeding adjudicating his guilt or innocence.

Introducing evidence of probable cause to believe Keener committed the alleged act did not alter the nature or purpose of the preliminary transfer hearing. The Supreme Court implicitly approved proceedings similar to those provided by the Ohio statute, permitting the introduction of evidence of the offense charged, when it stated:

> We note that nothing decided today forecloses States from requiring, as a prerequisite to the transfer of a juvenile, substantial evidence that he committed the offense charged, so long as the showing required is not made in an adjudicatory proceeding. See *Collins v. Loisel*, 262 U.S. 426, 429 [43 S.Ct. 618, 619, 67 L.Ed. 1062] (1923); *Serfass v. United States*, 420 U.S. 377, 391–392, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975). The instant case is not one in which the judicial determination was simply a finding of, *e. g.*, probable cause. Rather, it was an adjudication that respondent had violated a criminal statute.
>
> *Breed, supra*, at 538, n. 18, 95 S.Ct. at 1790, n. 18.

This court previously has construed *Breed* to mean that jeopardy attaches when the juvenile court, as the trier of the facts, begins to hear evidence at an adjudicatory hearing, not at a preliminary hearing. *Holt v. Black*, 550 F.2d 1061, 1065 (6th Cir.), *cert. denied*, 432 U.S. 910, 97 S.Ct. 2960, 53 L.Ed.2d 1084 (1977). *See also Hall v. McKenzie*, 575 F.2d 481, 484 (4th Cir. 1978).

■ In the present case the juvenile court hearings were preliminary in nature and limited by statute to evidence of probable cause to believe Keener committed the alleged offense. This probable cause evidence was heard solely for the juvenile court to decide which judicial treatment of Keener would best serve his interests and those of the community, not for the juvenile court to decide the appellant's guilt.[2] We agree with the district court that the juvenile court hearing was not adjudicatory in

---

**2.** *Sims v. Engle*, 619 F.2d 598 (6th Cir. 1980) (petition for cert. pending), concerned an Ohio juvenile court proceeding prior to the amendment to § 2151.26 (see n. 1) and has no application here. In that case the juvenile court, before entering an order to transfer, was required

nature or purpose and that jeopardy did not attach.

### III.

Keener's second contention is that the juvenile court, in transferring him to the Hamilton County Court of Common Pleas, failed to follow the required Ohio statutory procedure. He alleges that § 2151.26, Ohio Rev.Code, requires more specific findings and conclusions in the transfer order than were made by the juvenile court. Consequently, according to Keener, the court of common pleas never had proper jurisdiction to try him. This disputed interpretation of a state procedural law does not rise to a constitutional level warranting federal habeas corpus relief. *Keener v. Ridenour, supra*, at 591; *Kinser v. Cooper*, 413 F.2d 730, 733 (6th Cir. 1969).

The decision of the district court is affirmed.

by the statute then in effect "to make a finding of delinquency that is, that the child has committed the alleged offenses, based on a full investigation of the facts." (Citations omitted.) *Id.* at 604. The *Sims* juvenile hearing, unlike the hearing in the present case, was "not limited in scope by statute to a preliminary or probable cause hearing ..." *Id.* at 605. This court, therefore, held that jeopardy attached at the *Sims* juvenile hearing.