**Terrance SMITH, Petitioner-Appellant,**

v.

**Richard DeROBERTIS, Warden, and Neil F. Hartigan, Attorney General of Illinois, Respondents-Appellees.**

**No. 84–1716.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 21, 1985.

Decided March 27, 1985.

Terrance Smith, pro se.

Sally L. Dilgart, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before BAUER, WOOD and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The question for decision is whether the simultaneous trial of two criminal defendants in the same state courtroom before two juries (one determining the guilt of each defendant) violates the due process clause of the Fourteenth Amendment. The district court in this habeas corpus proceeding held that it did not, and the petitioner, Smith, appeals.

Smith and Bell were charged with murder and other crimes arising from a home invasion, and were tried together before separate juries. Both juries were present for the opening statements and for the state's direct examination of the prosecution witnesses, but Smith's jury was excused for Bell's cross-examination of those witnesses and for Bell's defense case (Bell testified), while Bell's jury was excused for the corresponding portion of Smith's trial. Bell was convicted on all counts. Smith was found guilty of murder and two counts of attempted murder but acquitted of aggravated battery, and sentenced to 200–300 years in prison on each count, the sentences to be served concurrently. The state appellate court reversed Smith's murder conviction but upheld his other convictions, so that his sentence was unaffected. See *People v. Smith,* 94 Ill.App.3d 969, 50 Ill.Dec. 296, 419 N.E.2d 404 (1981).

■ The trial judge adopted the double-jury procedure as an economy measure; and although the Illinois code of procedure does not provide for the use of double juries, the lack of a statutory basis does

not demonstrate a lack of due process; a state is authorized to act through common law as well as statute. Although the double-jury procedure is an innovation with nothing more to recommend it than a saving in trial time, judicial economy is not a trivial goal in this era of massive caseloads; and the Supreme Court, in upholding the constitutionality of the six-person jury in criminal cases, has shown that it is receptive to innovations designed to reduce the high cost of jury trials. See *Williams v. Florida,* 399 U.S. 78, 102–03, 90 S.Ct. 1893, 1907, 26 L.Ed.2d 446 (1970).

█ Of course if the particular innovation increased the risk of convicting the innocent, this would be a high price to pay for some modest savings in the costs of trials. But even the criminal defense bar apparently does not believe that the double-jury procedure does this. See Gaynes, *Two Juries/One Trial: Panacea of Judicial Economy or Personification of Murphy's Law,* 5 Am.J. Trial Advocacy 285 (1981). A defendant is more likely to be prejudiced in the eyes of the jury by being tried with another defendant than by being tried in the presence of a second jury concerned with the other defendant; indeed, the double-jury procedure may reduce the prejudice from being tried jointly with another—a form of prejudice usually held outweighed by the economies of joint trials, see, e.g., *United States v. Shively,* 715 F.2d 260, 267 (7th Cir.1983). Four of our sister circuits have held that the double-jury procedure is not a per se violation of due process; the criminal defendant must show some specific (and we add, undue) prejudice to him from it. See *United States v. Lewis,* 716 F.2d 16, 19 (D.C.Cir. 1983); *United States v. Hayes,* 676 F.2d 1359, 1366 (11th Cir.1982); *United States v. Rimar,* 558 F.2d 1271 (6th Cir.1977); *United States v. Rowan,* 518 F.2d 685, 690 (6th Cir.1975); *United States v. Sidman,* 470 F.2d 1158, 1167–70 (9th Cir.1972). We agree; and since Smith has made no effort to show any disadvantage to him from the double-jury procedure employed in this case, we conclude that the judgment of the district court should be

Affirmed.