762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IMAM ALI ABDULLAH AKBAR, PLAINTIFF-APPELLANT,
v.
A.R. JAGO, DEFENDANT-APPELLEE.
 NO. 84-3540
 United States Court of Appeals, Sixth Circuit.
 4/10/85
 ORDER
 
 1
 BEFORE: WELLFORD and MILBURN, Circuit Judges; and KINNEARY, District Judge.*
 
 
 2
 Akbar appeals pro se from the district court's judgment denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Akbar was convicted by a Cuyahoga County, Ohio jury of first-degree murder and sentenced to life imprisonment. Akbar exhausted his remedies in the state appellate and supreme courts and also filed one post-conviction relief petition. Although the state alleges that he has not exhausted his state remedies regarding his third issue, we conclude that this issue is barred by Ohio's doctrine of res judicata in post-conviction relief proceedings. Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir. 1979), later appeal, Keener v. Taylor, 640 F.2d 839 (1981). So the case is fully exhausted.
 
 
 4
 Akbar's petition raises four issues: 1) the validity of the indictment, 2) an evidentiary question, 3) allegations of perjured testimony, and 4) the sufficiency of the evidence. Concerning the first issue, the murder indictment is clearly valid on its face and raises no constitutional violation. Costello v. United States, 350 U.S. 359, 363 (1956); Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975). The evidentiary question concerns an alleged common-law marriage between Akbar and one of the prosecution's witnesses. The state court held that Akbar had not shown all of the elements necessary for a common-law marriage, and the district court concluded that this holding raised no question of fundamental fairness. Maglaya v. Buckhoe, 515 F.2d 265, 268 (6th Cir.), cert. denied, 423 U.S. 931 (1975). We agree with the conclusion of the district court.
 
 
 5
 The third issue alleges that one of the prosecution's witnesses committed perjury during the trial. Allegations of perjury and false evidence are not cognizable on federal habeas corpus unless the state knew of the perjury or false evidence. Burks v. Egeler, 512 F.2d 221, 229 (6th Cir.), cert. denied, 423 U.S. 937 (1975). There is no evidence that the state knew of or deliberately elicited any perjury in this case. Finally, the district court reviewed the sufficiency of the evidence under the standard in Jackson v. Virginia, 443 U.S. 307, 313 (1979), and concluded that the evidence was sufficient. We agree with the district court.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Joseph P. Kinneary, U.S. District Judge for the Southern District of Ohio, sitting by designation