**UNITED STATES of America**

v.

**Jose Luis Lebron GONZALEZ, et al.**

**Cr. No. 84–418(PG).**

United States District Court,
D. Puerto Rico.

May 6, 1985.

See also, D.C., 610 F.Supp. 574.

Guillermo Gil, Dana Biehl, Washington, D.C., for the U.S.

James Toro, San Juan, P.R., Blas Herrero, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Defendants José Luis Lebrón González, Raymond Cátala Fonfrías, Ernesto Gil Arzola Martínez, Emeterio Ortiz Ortiz and Eduardo Rodríguez Parrilla have been indicted for violations to 18 U.S.C. §§ 241, 242 and 2, for conspiring in a series of concerted activities to prevent Griselle González Ortiz [1] (Jessica) from testifying at the trial of José Luis Lebrón González and which led to the shooting and killing of said Griselle González Ortiz.

It is alleged that the defendants charged in this case participated in a conspiracy to cover up their participation in the murder of Jessica.

It is well established that the joint trials of persons charged together with committing the same offense as with being accessory to its commission are the rule rather than the exception. *U.S. v. Archer*, 733 F.2d 354 (5th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 196, 83 L.Ed.2d 128 (1984); *Parker v. U.S.*, 404 F.2d 1193, 1196 (9th Cir.1968), *cert. denied*, 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782, *reh. denied*, 395 U.S. 941, 89 S.Ct. 2003, 23 L.Ed.2d 460 (1969).

Especially in conspiracy cases, parties who are jointly indicted should be tried together, *U.S. v. Wilson*, 657 F.2d 755, 765 (5th Cir.1981), *cert. denied*, 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982), and severance is not warranted despite the fact that a defendant may have participated in only one single aspect of the conspiracy. *U.S. v. Marszalkowski*, 669 F.2d 655, 660 (11th Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 167 (1982). The rule has a major and well recognized exception, and it is that separate trials are required when incriminating out-of-court statements of co-defendants admissible against the declarant but not against the co-defendants would be presented in evidence.

On February 22, 1985, the prosecution moved the Court to select two juries to try the instant case and to seat them simultaneously. The motion is grounded on the fact that there is evidence which is admissible against some defendants but not against others. This evidence consists of three taped conversations between Emeterio Ortiz Ortiz and Raymond Cátala [2] allegedly discussing their participation in the murder and in the cover up of the murder.

These three tapes also record the participation in the murder and in the cover up conspiracy of co-defendants Arzola, Lebrón González and Rodríguez Parrilla, who were

---

1. Griselle González Ortiz, aka Jessica, was an eye witness to testify for the People of Puerto Rico in the murder case against Jose Luis Lebrón González, co-defendant herein, who was awaiting trial in the Superior Court of Puerto Rico, San Juan District.

2. These three tapes contain conversations between Ortiz and Cátala during meetings held on August 29, 1984, September 6, 1984, and September 8, 1984.

not present at the meetings when the conversations were recorded.

There are also tapes of two conversations between Emeterio Ortiz Ortiz and Eduardo Rodríguez Parrilla[3] discussing their participation in the murder of Jessica, as well as the participation of other defendants in the matter, who were not present when the conversations were recorded.

In the case of *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) the Supreme Court of the United States held that a statement of a non-testifying co-defendant cannot be admitted if it powerfully incriminates the complaining defendant since this violates his right of cross-examination secured by the confrontation clause of the Sixth Amendment.

The government moves for the dual jury alleging two basic reasons. First, the government points to an alleged *break in time* pointing that there was a period in excess of two years prior to the dates when these tape recorded conversations took place and wherein the Government's current evidence does not show any activity to either the murder or the cover up of that murder. The government is thus aware that due to this *break in time* it might be difficult to show that these conversations are in furtherance of the charged conspiracy to obstruct, injure and oppress the constitutional rights of Jessica.

The government accordingly suggests the two juries, one for Raymond Cátala and Edgardo Rodríguez Parrilla, and the second jury for all remaining defendants. In accordance with this arrangement the second jury would be excused for those brief portions of trial where evidence prejudicial to the remaining defendants but admissible only against Cátala and Rodríguez is to be presented. It is contended that this is a proper method to resolve the problem when evidence is admissible against some defendants but not against others.

The use of the dual jury, although novel before this Court, has nevertheless been used as an effective tool to solve problems similar to the ones described herein.

■ The procedure is not to be condemned based on novelty alone since "fair new procedures which tend to facilitate proper fact finding are allowable although not traditional." *Byrne v. Matczak*, 254 F.2d 525, 529 (3rd Cir.1958), *cert. denied*, 358 U.S. 816, 79 S.Ct. 24, 3 L.Ed.2d 58 (1958) (citations omitted). The 'spectre of risks' should not deter courts from implementing innovative and resource saving procedures. *U.S. v. Lewis*, 716 F.2d 16, 19 (D.C.Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 492, 78 L.Ed.2d 686 (1983). The double jury has been adopted among other reasons as an economy measure, and "as long as the procedure comports with the ethos of due process commanded by the rules of criminal justice" there should be no reason for its rejection. *U.S. v. Lewis, supra*. Four circuits have held that double jury procedure is not a violation of due process. The procedure is to be sustained as long as the defendant enjoys the rights given by the Constitution, the Sixth Amendment, and the rules. *U.S. v. Sidman*, 470 F.2d 1158, 1169 (9th Cir.1972), *cert. denied*, 409 U.S. 1127, 93 S.Ct. 948, 35 L.Ed.2d 260 (1973).

■ The lack of statutory basis does not demonstrate a lack of due process. *Smith v. De Robertis*, 758 F.2d 1151 (7th Cir., March 27, 1985).

The procedure has been used and upheld in cases where a *Bruton* problem was present and the court refused to sever defendants and to try them severally. *See, U.S. v. Lewis, supra*.

In a case with facts similar to ours, *U.S. v. Mailon Paul Wood*, Cr. No. 84–232A–1, Charles A. Moye, Jr., District Judge of the Northern District of Georgia utilized and ordered the multiple jury procedure to avoid a *Bruton* problem "in the event that the court admits into evidence tape recorded post-conspiracy admissions of co-defendants" (Order of October 17, 1984).

---

**3.** These two tapes contain conversations between Emeterio Ortiz Ortiz and Eduardo Rodríguez Parrilla during meetings held on August 17, 1984, and August 24, 1984.

Allegations based on a generalized possibility of harm are not sufficient to defeat a motion since *careful instruction* by the judge would eradicate any possible carryover of guilt from one defendant to the other. *U.S. v. Hayes,* 676 F.2d 1359, 1366–67 (11th Cir.), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 455, 74 L.Ed.2d 608 (1982).

The government's motion has been opposed by co-defendants Eduardo Rodríguez Parrilla and Raymond Cátala. Both co-defendants request a severance.

In his opposition of April 10, 1985, co-defendant Eduardo Rodríguez Parrilla moves the Court for suppression of the tapes between Cátala and Ortiz against him and opposes the government's request that a same jury try him and co-defendant Cátala. Rodríguez Parrilla filed on the same day a motion for severance alleging that it would be impossible for the jury to decide the case without considering the inadmissible evidence.

Although co-defendant Rodríguez Parrilla was not present during the meeting between co-defendant Cátala and Ortiz there are tapes of conversations between himself and Ortiz.

There is independent evidence as to each Cátala and Rodríguez Parrilla. The tapes are directed to demonstrate the involvement of each as to the crucial facts in the scheme. In this respect we can say that their statements "interlock". In *Parker v. Randolph,* 442 U.S. 62, 72, 99 S.Ct. 2132, 2138, 60 L.Ed.2d 713 (1979) the Supreme Court held that "interlocking confessions" did not infringe respondent's right of confrontation secured by the Sixth and Fourteenth Amendments to the United States Constitution.

Although *Parker, supra,* deals with confessions, and co-defendant Rodríguez Parrilla makes a point out of this, yet we cannot say that as to each defendant the tapes do not constitute a knowledgeable source of information concerning the particular co-defendant's source of information about his past conduct, *Parker, supra.* If admitted, we can say that these are source of incriminating statements which "interlock".

However, the *Bruton* rule is not violated when co-defendants' confessions are so similar that the two statements interlock. *Parker v. Randolph, supra,* at 75, 99 S.Ct. at 2140.

Cases interpreting *Parker v. Randolph, supra,* have held that to guard against improper considerations against a co-defendant of a statement received in evidence as an exception to the *Bruton* rule the Court may use limiting instructions. *U.S. v. Paternina-Vergara,* 749 F.2d 993, 998–999 (2d Cir.1984); *U.S. v. Astling,* 733 F.2d 1446, 1454–1455 (11th Cir.1984); *Tamilio v. Fogg,* 713 F.2d 18, 20–21 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 706, 79 L.Ed.2d 170 (1984).

Furthermore, the Supreme Court has also ruled that relevant *declarations or admissions of a conspirator made in the absence of the co-conspirator and not in furtherance of the conspiracy* may be admissible in a trial for conspiracy *as against the declarants'* participation therein. *Lutwak v. U.S.,* 344 U.S. 604, 618, 73 S.Ct. 481, 489, 97 L.Ed. 593 (1953).

However, the Court must be careful at the time of the admission and by its instructions to make it clear that the evidence is limited as against the declarant only. *Lutwak, supra,* at 618–619, 73 S.Ct. at 489–490.

In the instant case there are independent tapes as to each co-defendant; there is thus independent evidence as to each co-defendant. *U.S. v. Cochran,* 697 F.2d 600 (5th Cir.1983); *U.S. v. Mackey,* 571 F.2d 376, 383–384 (7th Cir.1978). Limiting instructions may suffice as protective of defendant. *U.S. v. Mangan,* 575 F.2d 32 (2d Cir), *cert. denied,* 439 U.S. 931, 99 S.Ct. 320, 58 L.Ed.2d 324 (1978).

Co-defendant Parrilla also raises the tapes inadmissibility under Rule 801(d)(2)(E) of the Federal Rules of Evidence.

Rule 801(d)(2)(E) provides:

(d) A statement is not hearsay if

\* \* \* \* \* \*

(2) The statement is offered against a party and is

\* \* \* \* \* \*

(E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

■ The doctrine that declarations of one conspirator may be used against another conspirator if the declaration *was made during the course of and in furtherance of the conspiracy* charged is a well-recognized exception to the hearsay rule (emphasis added) *Anderson v. U.S.*, 417 U.S. 211, 218–219, 94 S.Ct. 2253, 2259–2260, 41 L.Ed.2d 20 (1974).

■ This allegation is made given the lapse of time between the death of Jessica and the recording of the conversation. It is settled that there can be no furtherance of a conspiracy that has ended. *Lutwak v. U.S., supra,* 344 U.S. at 618, 73 S.Ct. at 489. The established rule is that once the central criminal purposes of a conspiracy have been attained, a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing merely that the conspiracy was kept a secret and that the conspirators took care to cover up their crime in order to escape detection and punishment.

However, a part of the conspiracy may be an agreement among the conspirators to conceal the facts. *U.S. v. Mackey, supra; U.S. v. Harris,* 542 F.2d 1283, 1300–1301 (7th Cir.1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977).

The indictment in the instant case charges defendants with the conspiracy to cover up the events surrounding the shooting and killing of Jessica. In this way *Grunewald v. U.S.*, 353 U.S. 391, 401–02, 77 S.Ct. 963, 972–73, 1 L.Ed.2d 931 (1957); *Wong Sun v. U.S.*, 371 U.S. 471, 490, 83 S.Ct. 407, 418, 9 L.Ed.2d 441 (1963); *Lutwak v. U.S., supra; Krulewitch v. U.S.*, 336 U.S. 440, 443–44, 69 S.Ct. 716, 718–719, 93 L.Ed. 790 (1949) must be distinguished.

At the same time the contention may be disposed of by a recent decision in which the Court of Appeals for the First Circuit held that as charged by the indictment a conspiracy may continue "so long as the conspirators were acting together to destroy incriminating evidence." *U.S. v. Alejo Maldonado Medina,* 761 F.2d 12, 19 (1st Cir.1985). This is part of the charges before us.

Co-defendant Cátala makes no argument out of the distinction between confession and conversation as to limit the *Parker* decision on those grounds. Rather, in the light of *Bruton v. U.S., supra,* co-defendant Cátala opposes the government's motion alleging that a trial in which a co-defendant's *extrajudicial confession* is offered as evidence implicating another defendant violates the confrontation clause of the Sixth Amendment and that a severance is warranted under Rule 14 of the Federal Rules of Criminal Procedures.

It has been held that the confrontation clause of the Sixth Amendment is not violated by the admission at a joint trial of a co-defendant's confession that interlocks, as is the case here, with a confession of a defendant. *Kirksey v. Jones,* 673 F.2d 58, 60 (2d Cir.1982).

■ Courts have disposed of allegations relating to violations of the right to confront adverse witnesses ruling that no violations of rights exist under *Bruton* when there is independent evidence to establish guilt. *U.S. v. Webb,* 633 F.2d 1140, 1142 (5th Cir.1981). Thus, "when guilt of an accused is established beyond a reasonable doubt by his own confession a violation of *Bruton* constitutes harmless error."

As mentioned before the plurality opinion in *Parker v. Randolph, supra,* 442 U.S. 62, 75, 99 S.Ct. 2132, 2140, 60 L.Ed.2d 713 (1979), suggests that a *Bruton* problem does not arise when interlocking statements by defendant himself has been properly admitted. *See also, U.S. v. Campa,* 679 F.2d 1006, 1011 (1st Cir.1982).

■ Accordingly, the admission of interlocking statements with proper limiting

instructions conforms to the requirements of the Sixth and Fourteenth amendments.

WHEREFORE, in view of the foregoing, the Court hereby GRANTS the Government's motion for two juries and DENIES co-defendants' motions for severance.

IT IS SO ORDERED.