774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Reeder, Petitioner-Appellant,
v.
Ronald C. Marshall, Respondent-Appellee.
 No. 85-3150
 United States Court of Appeals, Sixth Circuit.
 9/30/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: ENGEL and KENNEDY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 Reeder moves for counsel, petitions for a writ of coram nobis, and moves for a remand on appeal from the district court's judgment denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Reeder was indicted in Cuyahoga Country, Ohio on the charges of aggravated murder with death penalty specifications and aggravated robbery. Pursuant to a plea bargain, Reeder pled guilty to aggravated murder without death penalty specifications and received a life sentence. He did not file a direct appeal.
 
 
 3
 Reeder did file two petitions to vacate his sentence in the state trial court. While disposing of the petitions, the state trial court addressed only the ineffective assistance of counsel issue. When Reeder filed his federal habeas corpus petition, he raised four issues. The district court held that Reeder's petition was a mixed petition that must be dismissed. Rose v. Lundy, 455 U.S. 509, 518-19 (1982); Bowen v. Tennessee, 698 F.2d 241, 243 (6th Cir. 1983) (en banc).
 
 
 4
 Under Rule 5(A), Ohio Rules of Appellate Procedure, Reeder has available to him the remedy of a delayed appeal. This remedy is available after the entry of a guilty plea. State v. Carter, 60 Ohio St.2d 34, 35 (1979), cert. denied, 445 U.S. 953 (1980). Our Court has held that the Ohio remedy of delayed appeal must be exhausted before a petitioner has exhausted his state remedies. Keener v. Ridenour, 594 F.2d 581, 585-6 (6th Cir. 1979), later appeal, 640 F.2d 839 (1981). The district court was correct to hold that Reeder must exhaust his remedy of a delayed appeal on the other three issues besides the issue of ineffective assistance of counsel which he raised in his petition.
 
 
 5
 The motion for counsel, the petition for a writ of coram nobis, and the motion for a remand are denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.