782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWARD A. VILLARREAL, Petitioner-Appellant,
v.
E. P. PERINI, Respondent-Appellee.
 85-3394
 United States Court of Appeals, Sixth Circuit.
 12/23/85
 
 BEFORE: MERRITT and WELLFORD, Circuit Judges, and JOHNSTONE, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner, Edward A. Villarreal, appeals the district court's denial of his application for habeas corpus, presenting a narrow issue surrounding the constitutional soundness of bindover procedures in Ohio's Juvenile Court.
 
 
 2
 In November 1980, petitioner became involved in the beating and stabbing death of a bar employee. The victim died of a knife wound to the back. Petitioner was arrested and charged with murder. Since petitioner was fifteen years old at the time of the murder, the juvenile court had exclusive jurisdiction.
 
 
 3
 Pursuant to Rule 30 of the Ohio Rules of Juvenile Procedure, a preliminary hearing was held in juvenile court to determine if there was probable cause to believe that petitioner had committed the crime and whether such act if committed by an adult would be a felony. Upon finding probable cause, the juvenile court subjected petitioner to a battery of physical and mental examinations. Such investigation is mandated by Rule 30 to make a disposition on transfer.
 
 
 4
 Following the investigation, a hearing was held to determine whether to transfer jurisdiction to the regular/adult court system. In his decision transferring jurisdiction of petitioner's case to the regular court system, the juvenile court judge found that petitioner was not amenable to rehabilitation in juvenile court custody. The judge based his conclusions upon assessments of petitioner's age, mental and physical ability, prior juvenile record, previous treatment and rehabilitation, family environment and school record.
 
 
 5
 Subsequently, petitioner was tried and convicted as an adult on the murder charge. Although he did not take part in the infliction of the fatal stab wound, he was involved in the attack. He was sentenced to a term of fifteen years to life imprisonment.
 
 
 6
 In 1982, petitioner appealed his conviction to the Ohio Court of Appeals, alleging various constitutional violations. Petitioner's conviction was affirmed. Again asserting the constitutional deprivations, petitioner filed a notice of appeal to the Ohio Supreme Court. Leave to appeal was subsequently denied for lack of a substantial constitutional question.
 
 
 7
 On January 31, 1984, petitioner filed an application for habeas corpus in the United States District Court for the Northern District of Ohio. The case was referred to a magistrate. In a report and recommendation, the magistrate advised that petitioner's relief be granted because the transfer of petitioner to regular court system violated due process and fundamental fairness by failing to provide an adequate record of evidence as to why the transfer was appropriate. Although the district judge expressed concern about the informality of the Ohio procedure, he concluded that the informality did not rise to the level of a federal constitutional violation. Thus, he dismissed the petition on April 15, 1985. This appeal followed.
 
 
 8
 Petitioner contends that certain procedural failings of the Ohio juvenile bindover system deprived him of due process, fundamental fairness, and the right to confront witnesses. Petitioner argues that since only his age and a single report about his physical and mental condition, which favored retention of juvenile court jurisdiction, had been formally admitted into evidence before the juvenile court judge, the juvenile court judge could not have made a finding that transfer was appropriate. He argues essentially that such abuse of discretion amounted to constitutional violations since the juvenile court judge specifically referred to other data not formally in the record, such as school records and prior juvenile records, in deciding to transfer petitioner.
 
 
 9
 Petitioner also objects to the post-transfer supplementation of the juvenile court record by the prosecution before the Ohio Court of Appeals. In permitting the supplementation, the Ohio Court of Appeals stated:
 
 
 10
 At issue are the defendant-appellant's school records as well as the juvenile's prior contact with the juvenile justice system. Defendant-appellant opposes said motion, alleging that the above reports were not made part of the juvenile court record and that defendant's counsel was not given an opportunity to examine or contradict these reports.
 
 
 11
 On December 31, 1980, proceedings were had in the Juvenile Court of Wood County, Ohio, pursuant to R. C. 2151.26 and Juv. R. 30. A review of the record, and the information provided by plaintiff-appellee in the motion to supplement the record, indicates that counsel for both parties were aware of the reports and their contents. The transcript of the hearing shows that defense counsel discussed the contents of these reports and compared defendant's prior contact with the juvenile court system to the case sub judice. An affidavit submitted by the juvenile court judge, George L. Forrest, before whom this proceeding was held, states that these reports were all considered and discussed by all the attorneys. Judge Forrest further indicates that these reports were all delivered by the court reporter to the clerk's office. Apparently the reports in question were misplaced and did not become part of the record.
 
 
 12
 The evidence presented supports the finding that these reports were available to counsel. Defense counsel's affidavit submitted in opposition to the motion to supplement the record stated that counsel did not 'see' these reports. In light of other evidence presented, this affidavit is strictly construed to establish that defense counsel did not actually perceive these reports. We find that this does not establish that the reports were not before the juvenile court nor that defendant was denied his right to examine or confront evidence against him.
 
 
 13
 We note that this phase of the bindover procedure is analogous to a dispositional hearing which permits an informal procedure at which the evidentiary rules may be loosened. See Young and Carr, 2 Anderson's Ohio Family Law 175, Section 9.51. Finding that these reports were before the juvenile court at the hearing held on December 31, 1980, and were made a part of the juvenile court record, plaintiff-appellee's motion for correction of the record pursuant to App. R. 9(E) is granted.
 
 
 14
 State v. Villarreal, No. WD-81-37 (Ohio Ct. App. 1982).
 
 
 15
 Considerations of due process are involved in the transfer of a juvenile to the jurisdiction of an appropriate court to be tried as an adult. Kent v. United States, 383 U.S. 541 (1966). When a state by statute entrusts this determination to the judiciary, formal mechanisms to ensure fundamental fairness are called into play and the statute must be interpreted 'in the context of constitutional principles relating to due process and the assistance of counsel.' Id. at 557. The procedural protections to be afforded a juvenile before he may be transferred to adult offender status vary in terms of the particular statutory scheme which entitles him to juvenile status in the first place. Since the Supreme Court has had occasion to delineate the contours of required procedures, appellate and lower courts have had to draw the line.
 
 
 16
 In Keener v. Taylor, 640 F.2d 839 (6th Cir. 1981), this court held that allegations concerning the sufficiency and specificity of orders transferring jurisdiction from a juvenile court to a 'regular' court are merely disputes over interpretations of state procedural law that do not rise to a constitutional level warranting federal habeas corpus relief. 640 F.2d at 843. Petitioner argues that the failure to have all documentation upon which the juvenile judge relied in binding over petitioner and the subsequent amendment of the record to reflect the data was a denial of due process and his right to confront witnesses. These attempts to define the juvenile court's admittedly informal actions as constitutional violations are without merit. Due process, fundamental fairness, and the right to confront a witness are not implicated for several reasons. Under Kent, due process in implicated only when procedures or the lack thereof prevent formulation of a record for review or deny a juvenile effective legal counsel. 383 U.S. at 561. As far as the creation of a record for review, the juvenile judge orally enunciated the basis for his decision and a court-approved supplementation of the record was carried out to reflect those documents upon which the juvenile court judge actually relied, but which had mistakenly been omitted from the record. Petitioner was not denied effective counsel because of the failure to admit the documents into evidence formally. As the Ohio Court of Appeals made clear, defense counsel had a full opportunity to review the documents. Giving proper regard for state court findings under 28 U.S.C. Sec. 2254(d), the informality of the procedures do not present a question of constitutional magnitude under these facts. See, e.g., United States ex rel. Bombacino v. Bensinger, 498 F.2d 875 (7th Cir. 1974).
 
 
 17
 Since there is no cognizable constitutional deficiency, petitioner's claims present questions about the application of state procedure. Such a claim is not reviewable in a federal habeas corpus action. Bell v. Arn, 536 F.2d 123 (6th Cir. 1976). We do not sit as a further court of appeals to review interpretation of state law or procedure. See, e.g., Combs v. Tennessee, 530 F.2d 695 (6th Cir.), cert. denied, 425 U.S. 954 (1976); Grundler v. North Carolina, 283 F.2d 798 (4th Cir.), cert. denied, 362 U.S. 917 (1960). We therefore AFFIRM the district judge's denial of the petitioner's habeas corpus application.
 
 
 
 *
 HONORABLE EDWARD H. JOHNSTONE, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation