**Arthur J. OVIEDO,
Petitioner-Appellant,**

v.

**Arnold R. JAGO, Respondent-Appellee.**

No. 86–3109.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 20, 1986.

Decided Jan. 21, 1987.

Thomas S. Douglas (argued), Lydy, Moan & Douglas, Toledo, Ohio, for petitioner-appellant.

Connie J. Harris, Asst. Atty. Gen., Columbus, Ohio, James A. Carr, Beverly Yale, Thomas O'Connell (argued), for respondent-appellee.

Before GUY, Circuit Judge;
EDWARDS, Senior Circuit Judge; and
EDGAR, District Judge.[*]

RALPH B. GUY, Jr., Circuit Judge.

Petitioner, Arthur J. Oviedo, appeals the district court's dismissal of his petition for a writ of habeas corpus. Petitioner seeks habeas relief based on a constitutional challenge to the procedures followed at the hearing before the Ohio Juvenile Court where it was determined that petitioner should be tried as an adult. For the reasons set forth below, the decision of the district court denying relief is affirmed.

In November, 1980, petitioner was involved in the beating and stabbing death of a bar employee. Petitioner was arrested and charged with murder. Although petitioner did not actually wield the knife, he participated in the beating. Since he was only 17 years old at the time of his arrest, he was brought before the Ohio Juvenile Court.

Pursuant to Rule 30 of Ohio Rules of Juvenile Procedure, a hearing was held in which it was determined that there was probable cause to believe that petitioner committed the crime and that the crime would constitute a felony if committed by an adult. The juvenile court ordered petitioner to submit to a series of physical and mental examinations, as is required by Rule 30, in order to determine whether the youth should be tried as an adult. Following the examinations, a hearing was held in which the juvenile court found that petitioner was not amenable to rehabilitation in the juvenile system. Therefore, the juvenile court judge ordered petitioner to be

---

[*] Honorable R. Allan Edgar, United States District Court, Eastern District of Tennessee, sitting by designation.

bound over to the Ohio Court of Common Pleas to be tried as an adult.

Petitioner was tried as an adult and convicted of murder by a jury. He was sentenced to a term of imprisonment for fifteen years to life. The Ohio Court of Appeals rejected a variety of constitutional challenges brought by the petitioner and affirmed his conviction. *Ohio v. Oviedo*, 5 Ohio App.3d 168, 450 N.E.2d 700 (1982). The Ohio Supreme Court denied petitioner's request for leave to appeal. Having exhausted his state law remedies, petitioner filed an application for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. The case was referred to a magistrate who found that petitioner's constitutional rights were violated because the decision to transfer him was made solely on the basis of the arguments of the attorneys. No witnesses were called and no evidence was formally admitted at the bindover hearing.

Ohio Rule of Juvenile Procedure 30(C) prohibits the transfer of a case unless the juvenile court finds that "the child is not amenable to care or rehabilitation" in a juvenile facility. Rule 30(E) sets forth five factors which the court "shall" consider in making this determination:

1. The child's age and his mental and physical health;
2. The child's prior juvenile record;
3. Efforts previously made to treat or rehabilitate the child;
4. The child's family environment; and
5. School records.

Ohio R.Juv.P. 30(E).

The magistrate found that although the juvenile court had considered these factors, the petitioner's due process rights were violated because the juvenile court did not formally receive the reports into evidence. Therefore, the magistrate recommended that the state be ordered to release the petitioner within 90 days unless a hearing was held at which such evidence could be formally admitted and properly considered.

The district court rejected the magistrate's recommendation and denied petitioner's request for habeas relief. The district judge concluded that the failure to formally admit evidence did not amount to a federal constitutional violation.

In *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the Supreme Court recognized that a hearing to determine whether a juvenile should be tried as an adult was a "critically important" stage; and therefore, the proceedings "must measure up to the essentials of due process and fair treatment." *Id.* at 562, 86 S.Ct. at 1057. However, the Supreme Court also stated, "We do not mean by this to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing...." *Id.* Thus, although the Supreme Court made it clear that juveniles are entitled to some minimal level of procedural safeguards, such as legal representation and the development of a reviewable record, the Court did not specify the exact nature of the constitutional requirements of due process at a transfer hearing.

In the instant case, the juvenile court judge orally announced his decision to transfer petitioner's case to the adult court system. In rejecting petitioner's challenge to the sufficiency of this ruling, the Ohio Court of Appeals set forth a detailed summary of the evidence considered by the juvenile court judge.[1] Based on its review

---

1. In its opinion, the Ohio Court of Appeals stated:

   The record further reveals that at the hearing on December 31, 1980, after the completion of an investigation pursuant to Juv.R. 30(D), the report of the Ohio Youth Commission relative to the mental and physical examination of the appellant was before the court; the school records were before the court; counsel for the defense made reference to the previous contacts that appellant had had with the court.

   The school records contain, in part, references to the poor, but passing, grades of the appellant and repeated suspensions for tardiness; on February 5, 1979, the appellant was expelled from the Perrysburg Public Schools for a period beginning February 6, 1979, to and including June 6, 1979, for excessive tardiness. The school record also indicates a three-day suspension for a first offense for

of the record, the Ohio Court of Appeals reached the factual conclusion that the juvenile court judge had fully considered all of the factors set forth in Ohio Juv.R. 30. This finding by the Ohio Court of Appeals is entitled to a presumption of correctness under 28 U.S.C. § 2254(d).

Therefore, having determined that the juvenile court complied with the substantive requirements of the state law, the limited issue before this court is whether petitioner's due process rights were violated by the juvenile court's reliance on facts and information not formally introduced into evidence.

In *Keener v. Taylor*, 640 F.2d 839 (6th Cir.1981), this court refused to issue a writ of habeas corpus where petitioner claimed that the Ohio Juvenile Court should have made more specific findings regarding its decision to transfer his case to the adult court system. This court found that petitioner's complaint was based solely on a dispute over state procedural issues and therefore, "did not rise to a constitutional level warranting federal habeas corpus relief." *Id.* at 843. Likewise, in the instant case, petitioner contends that the transfer hearing was procedurally defective because the juvenile court failed to comply with the formal rules of evidence.[2]

Whether or not the Ohio Juvenile Court complied with the procedural requirements of Ohio law is not a matter for this court to decide on a petition for habeas corpus relief. *Bell v. Arn*, 536 F.2d 123 (6th Cir. 1976). The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure. *Combs v. Tennessee*, 530 F.2d 695 (6th Cir.), *cert. denied*, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976).

In the instant case, petitioner was represented by counsel at a hearing before the juvenile court, and the Ohio Court of Appeals subsequently found the juvenile court had considered all the relevant criteria in making its decision to transfer petitioner's case. Moreover, petitioner does not suggest that a more formal hearing would have led to a different result. We also note that the arguments brought by petitioner in this case have been considered and rejected by another panel of this court ruling in *Villarreal v. Perini*, 782 F.2d 1044 (6th Cir.1985), the companion case to

---

fighting, the suspension being from January 22, 1979, to January 24, 1979, inclusive.

The psychological report from the Scioto Village Diagnostic Unit of Powell, Ohio, a diagnostic center of the Ohio Youth Commission, indicates, among other facts, that the appellant had a history of delinquency dating back to January of 1979, and included such charges as petty theft, breaking and entering, receiving stolen property, theft, criminal mischief and criminal damaging. For some of these offenses appellant had been placed on probation, but other unspecified charges were eventually dismissed. This report further reveals that the appellant had been at the Scioto Village Diagnostic Unit in September of 1979, and was given a full study at that time, including a psychological examination. This report also indicates that the appellant continued to live with his parents in Perrysburg, Ohio. This court takes judicial notice of the fact that Perrysburg, Ohio, is a small city approximately ten to fifteen miles from Bowling Green, the place where the alleged offense involved herein was committed. The Diagnostic Unit report further reveals that the appellant had finished the eighth grade "and historical material indicates that he is in the ninth grade for 'the third time' * * * He claimed one of the reasons he did not do better in school was that he was 'always fighting with the teachers.'" The report further reveals that the appellant indicated that "he had smoked pot for about two years, at least, and admitted to some consumption of alcohol, although he denied that he was addicted to either of these substances. He denied ever using pills or hard drugs in any form."

"Asked about prior contacts with the court, Arthur said he had been in contact with the police 'about 20 times.'"

The report further indicated that intellectually the appellant was functioning within the bright normal limits with a full-scale IQ score of 110.

450 N.E.2d at 704.

**2.** In his brief on appeal, however, petitioner acknowledges that "[t]here is no black letter law that mandates that full and formal evidentiary proceedings be afforded to a juvenile in a transfer hearing."

the instant case.[3] The petitioner's allegation that the transfer proceedings were unduly informal does not implicate a violation of his federal constitutional rights under these circumstances.

The judgment of the district court denying the petition for a writ of habeas corpus is AFFIRMED.

---

3. We recognize that citation to unpublished opinions is "disfavored" under Sixth Circuit Rule 24(b). Nevertheless, the rule also permits such citation where "an unpublished disposition has precedential value in relation to a material issue in a case...." We believe that the instant case and its companion, *Villarreal*, fit within the exception to the general rule. The facts of the instant case are nearly identical to those found in *Villarreal*, and we find the panel's reasoning sound and its decision supported by the existing law. Therefore, much of the analysis which appears in the unpublished opinion in *Villarreal* has been incorporated into the opinion in the instant case.