991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shane P. RICHEY, Petitioner-Appellant,
v.
James YARBOROUGH, Warden, Respondent-Appellee.
 No. 92-1814.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1993.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Shane P. Richey, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 20, 1984, Richey was convicted by a jury of felony murder and was sentenced to a mandatory term of life imprisonment without parole. The victim was a police officer who was investigating a reported break-in at a store where Richey and a co-defendant were in the process of stealing handguns. The Michigan Court of Appeals affirmed Richey's conviction in an opinion issued March 25, 1986. The Michigan Supreme Court denied leave to appeal.
 
 
 3
 In his present petition, Richey raised four grounds for relief: (1) he was subjected to double jeopardy because the probate judge made a finding of guilt during his waiver proceeding; (2) the district court erred in denying a change of venue, resulting in a jury that was unconstitutionally biased; (3) the district court erred in denying his motion to sever his trial from that of his co-defendant; and (4) he received ineffective assistance of counsel. In a report and recommendation issued May 5, 1992, a magistrate judge recommended that the district court deny Richey's petition. He concluded that jeopardy did not attach during Richey's waiver proceeding, that Richey failed to present evidence that his jury was or could not be impartial, that Richey failed to show prejudice from the dual jury procedure used by the trial court in lieu of separate trials, and that Richey's counsel rendered effective assistance. The district court overruled Richey's objections, adopted the magistrate judge's report and recommendation, and dismissed Richey's petition in a judgment filed May 21, 1992.
 
 
 4
 On appeal, Richey continues to argue the merits of his grounds for relief. He requests the appointment of counsel in his brief.
 
 
 5
 Upon review, we shall affirm the district court's judgment because Richey has not shown that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Richey's first ground for relief is meritless because jeopardy did not attach at his waiver hearing before the probate court; thus, he was not exposed to double jeopardy. See Keener v. Taylor, 640 F.2d 839, 841-43 (6th Cir.1981); People v. Saxton, 325 N.W.2d 795, 799 (Mich.App.1982). Michigan's waiver procedure is not adjudicatory in nature. It is held in two phases. In Phase One, which is similar to a preliminary examination, the state must establish probable cause that a crime was committed and that the juvenile in custody committed the crime. In Phase Two, the court must determine whether to waive jurisdiction over the juvenile to the circuit court after hearing evidence on the record regarding the relative suitability of facilities and programs available to the juvenile and criminal courts. See People v. Schumacher, 256 N.W.2d 39, 43 (Mich.App.1977). Nothing said by the probate court could or did transform the hearing into an adjudicatory procedure.
 
 
 7
 Richey did not specifically object to the recommended disposition of his change of venue issue when he filed objections to the magistrate judge's report and recommendation in district court. Consequently, he has waived his right to appeal that issue. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). In any event, this issue does not warrant habeas relief for the reason stated by the magistrate judge.
 
 
 8
 Richey's third ground for relief is without merit because the dual jury procedure employed by his state trial court does not per se violate due process and Richey has not shown some specific and undue prejudice to his defense from the procedure. See Smith v. DeRobertis, 758 F.2d 1151, 1152 (7th Cir.), cert. denied, 474 U.S. 838 (1985). The partial or total severance of co-defendants' trials lies within the discretion of the trial court. See United States v. Rowan, 518 F.2d 685, 690 (6th Cir.), cert. denied, 423 U.S. 949 (1975). That court did not abuse its discretion in this case.
 
 
 9
 Richey makes the general assertion that the cross-examination of prosecution witnesses by his co-defendant's counsel in the presence of his jury was "VERY prejudicial" to his defense by bolstering the prosecution's case and putting him in a bad light. In light of the fact that Richey himself testified that he fired all seven shots--from three different guns--that struck the victim, it is difficult to see any prejudice from co-defendant's cross-examination.
 
 
 10
 Richey's final ground for relief is also meritless because he does not show that counsel's performance was deficient or that the alleged deficiencies prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 11
 The first supporting basis for an ineffective assistance claim is that Richey was represented by three different attorneys. However, he cites no cases which support the proposition that this is per se ineffective assistance. Richey's best argument for ineffective assistance is that his counsel objected to a line of questioning by the prosecutor with the words, "This is getting into an area of ultimate proofs. We never claimed [Richey] wasn't criminally responsible, and things of insanity except for filing the original notice." Richey argues that, although attorneys and the court would know that "criminally responsible" is a term of art relating to a legal insanity defense, the lay jury would interpret it as an admission of guilt. Even if it is assumed, however, that a jury might be confused on this point, there is absolutely no prejudice demonstrated. The evidence against Richey was so overwhelming that there is no reasonable probability that the outcome of the trial would have been different had counsel phrased his objection a little more carefully.
 
 
 12
 Accordingly, the request for counsel is denied. The district court's judgment, filed May 21, 1992, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.