# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-8004

IN RE HIGH FRUCTOSE CORN SYRUP ANTITRUST LITIGATION.

_____

Petition to Appeal from the United States District Court
for the Central District of Illinois.
No. 95 C 1477, MDL 1087—**Michael M. Mihm**, *Judge.*

_____

SUBMITTED FEBRUARY 27, 2004—DECIDED MARCH 18, 2004

_____

Before BAUER, POSNER, and KANNE, *Circuit Judges.*

POSNER, *Circuit Judge.*  This antitrust class action charges Archer Daniels Midland Company (ADM), A.E. Staley Manufacturing Company, Cargill, Inc., and American Maize-Products Company with fixing the price of high fructose corn syrup, in violation of section 1 of the Sherman Act, 15 U.S.C. § 1. In a decision reported at 295 F.3d 651 (7th Cir. 2002), we reversed the entry of summary judgment for the defendants and remanded for trial. In the course of preparation for the trial, the following problem arose. Very damaging evidence arising from criminal proceedings against ADM would be admissible against ADM but not against the other defendants. The judge was concerned that if the jury heard that evidence, it would not be able to put it out of its mind when considering the culpability of those defendants, even if instructed to disregard it. The idea occurred to the judge of impaneling two juries to hear the

case, one to decide ADM's liability and the other to decide the liability of the other defendants, and the second jury would be excused when the damaging evidence was put in against ADM. The judge concluded that he was not authorized to do this, but he certified his ruling for an immediate appeal under 28 U.S.C. § 1292(b), which permits such an appeal from a ruling if the district judge and this court agree that the ruling decides a controlling issue of law and immediate resolution of the issue would expedite the litigation. These criteria are satisfied, and, the merits of the ruling having been fully briefed, we proceed to our decision, first noting however that two of the four remaining defendants—Cargill and American Maize Products— have negotiated a settlement with the plaintiffs (not yet approved by the district court, however) and abandoned the appeal. The only remaining appellant is thus Staley, which wants the separate juries and is opposed in this by both ADM and the plaintiffs.

The parties agree that the criteria for severing claims or parties for trial set forth in Fed. R. Civ. P. 21 are not satisfied, that no rule authorizes the procedure that the district judge would like to employ, and that, despite the absence of such a rule from the criminal rules of procedure as well, judges may by virtue of their general authority to manage litigation before them impanel separate juries in criminal cases for just the reason that the judge would like to do so here. E.g., *Smith v. DeRobertis*, 758 F.2d 1151, 1152 (7th Cir. 1985); *Lambright v. Stewart*, 191 F.3d 1181, 1185-86 (9th Cir. 1999) (en banc); *United States v. Lewis*, 716 F.2d 16, 19 (D.C. Cir. 1983); *United States v. Hayes*, 676 F.2d 1359, 1366-67 (11th Cir. 1982).

The power to do so in a civil case, if there is such power, has, to our knowledge, been exercised only once, in *Martin v. Bell Helicopters Co.*, 85 F.R.D. 654 (D. Colo. 1980). But the

existence of the power has not been denied, and we cannot see what there is to bar it. No rule, principle, precedent, statute, regulation, or other source of limitations on the power of district judges stands athwart the procedure that the judge would like to employ. Fundamental to a judge's role as the presiding officer at jury trials is the administration of the rules of evidence in a way that will minimize the likelihood that the jury's verdict will be a product of confusion or inappropriate emotion. Imaginative procedures for averting jury error, as long as they do not violate any legal norm, are to be encouraged rather than discouraged. The procedure the able and experienced district judge wants to employ is orthodox in criminal cases; we cannot see why it should be unacceptable in appropriate civil cases.

We are mindful that if separate juries are empaneled, they may render different verdicts, which may be inconsistent. Suppose the ADM jury finds that ADM violated the Sherman Act by conspiring to fix prices, but the other jury finds that Staley (which, remember, will be the only other defendant if the pending settlement is approved) did not conspire with ADM. ADM cannot be guilty of conspiracy unless it conspired with other firms, so the verdict against ADM would entail a finding that at least one of the other firms conspired with ADM, contrary to the verdict in favor of Staley. The defendant that settled earlier, CPC International, and the defendants that have now negotiated a settlement, would be candidates to be other firms that had conspired with ADM even if Staley had not, but no tenable theory is offered whereby ADM conspired with other past or present defendants, but not Staley.

As pointed out in *United States v. Lewis, supra*, 716 F.2d at 22, however, an inconsistency such as just described would not be fatal, since the juries would have heard different evidence, and it is that difference that would (in all likeli-

hood) explain the inconsistency; the inconsistency would be in result rather than in logic. *Lewis* was a criminal case, but we do not see why the principle should not be equally applicable to a civil one.

We conclude that the district judge erred in thinking himself forbidden to impanel separate juries.


A true Copy:

       Teste:


                    _____
                    *Clerk of the United States Court of*
                       *Appeals for the Seventh Circuit*